PEOPLE v. MILLER

CRIMINAL LAW—APPEAL AND ERROR—PLEA OF GUILTY—MOTION TO
WITHDRAW PLEA—RECORD.

An appellate court is unable to review the defendant's claim
that his plea was involuntarily given when no motion to with-
draw the plea was made in the trial court, because the record
which the hearing on the motion to withdraw would have pro-
duced is not available; although the defendant's conviction was
affirmed because the defendant's claim of error was not sub-·
stantial, the defendant may file a motion in the trial court
to withdraw his plea of guilty.

Appeal from Recorder's Court of Detroit, Robert
J. Colombo, J. Submitted Division 1 December 22,
1970, at Lansing. (Docket No. 10063.) Decided
January 28, 1971.

John Clifton Miller was convicted, on his plea of
guilty, of larceny from a person. Defendant ap-
peals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,* Chief,
Appellate Department, and *Arthur N. Bishop,* As-
sistant Prosecuting Attorney, for the people.

*George Stone,* for defendant on appeal.

Before: DANHOF, P. J., and McGREGOR and QUINN,
JJ.

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 545 *et seq.*
21 Am Jur 2d, Criminal Law §§ 504–506.

PER CURIAM.  Defendant appeals from his conviction upon a plea of guilty to the offense of larceny from a person.[1]  He was originally charged with robbery unarmed,[2] but before his offer of a plea of guilty, a count was added to the information to charge larceny from a person.  He now contends, first, that the trial court erred in accepting his guilty plea without first remanding to the magistrate so that a new complaint and warrant on the lesser charge could be issued and preliminary examination had thereon.  Second, he claims that his plea was involuntarily given because the bargain made with the prosecutor called for his entry of a plea of guilty to the offense of attempted robbery unarmed[3] carrying a maximum penalty of five years' imprisonment instead of larceny from a person carrying a ten-year maximum.  The appellee has filed a motion to affirm the conviction, GCR 1963, 817.5(3).

It is manifest that the first error claimed is so unsubstantial as to require no argument or formal submission.  With regard to the second error, we note that no motion to withdraw the plea was made in the trial court.[4]  During the plea proceedings, defendant affirmatively indicated his desire to plead guilty to the charge of larceny from a person.  Without the record which a motion to withdraw the plea would have provided, it is impossible for us to review defendant's claim of an unfulfilled bargain.  *In re Valle* (1961), 364 Mich 471.

Motion to affirm the conviction is granted without prejudice to the defendant to file such a motion in Detroit recorder's court.

---

1 MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).
2 MCLA § 750.530 (Stat Ann 1954 Rev § 28.798).
3 MCLA § 750.92 (Stat Ann 1962 Rev § 28.287).
4 Involuntariness of the guilty plea may not be raised for the first time on a direct appeal of a judgment of conviction.  *People* v. *Barron* (1970), 27 Mich App 379; *People* v. *Dorner* (1970), 24 Mich App 306; *People* v. *Kenny Smith* (1969), 20 Mich App 307.