PEOPLE v MORRISON

CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—RECORD ON APPEAL.

A defendant's claim to have a plea set aside because it was induced by a promise made by the police officers in charge of his case that he would receive probation must be advanced by a motion to withdraw guilty plea since the claim depends upon facts *dehors* the record; without a testimonial record and findings by a judge, the Court of Appeals has nothing before it to review.

Appeal from Wayne, Richard M. Maher, J. Submitted Division 1 October 10, 1972, at Detroit. (Docket No. 12317.) Decided March 29, 1973.

Dwayne M. Morrison was convicted, on his plea of guilty, of attempted breaking and entering with intent to commit larceny. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Plunkett, Cooney, Rutt & Peacock* (by *John D. Dougherty),* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and LEVIN and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE

21 Am Jur 2d, Criminal Law § 484 *et seq.*

* Former Supreme Court Justice, sitting on the Court of Appeals by

PER CURIAM. The defendant, Dwayne Michael Morrison, was charged with committing the offense of breaking and entering with intent to commit larceny. MCLA 750.110; MSA 28.305. He pled guilty to the offense of attempting to commit the charged offense (MCLA 750.92; MSA 28.287) and now appeals.

The defendant was adequately advised of his privilege against compulsory self-incrimination, his right to trial by jury, and his right to confront his accusers. See *People v Jaworski,* 387 Mich 21 (1972). Before accepting Morrison's plea of guilty the trial judge asked him whether he was aware that he had a right (1) to a trial before a judge or a jury, (2) to be confronted by witnesses who would testify at such a trial and that he could cross-examine those witnesses himself or through an attorney, and (3) to testify in his own defense if he wished to do so or he could say nothing throughout the whole trial as it was not incumbent upon him to prove his innocence. Morrison's affirmative answers to those questions satisfied the *Jaworski* requirements.

A factual basis for acceptance of the plea was established when Morrison told the judge that he went to a gas station with a friend and they broke into it at 3 a.m. and took "money and stuff".

Morrison further asserts that he is entitled to have his plea set aside because it was induced by a promise made by the police officers in charge of his case that he would receive probation. Such a claim must be advanced by a motion to withdraw guilty plea since the claim depends upon facts *dehors* the record; without a testimonial record and findings by a judge, this Court has nothing before it to review.

---

assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

"Without the record which a motion to withdraw the plea would have provided, it is impossible for us to review defendant's claim of an unfulfilled bargain. *In re Valle,* 364 Mich 471 (1961)." *People v Miller,* 30 Mich App 254, 255 (1971).

Morrison did file a motion to withdraw guilty plea in this case; however, a testimonial record was not made. The judge refused to entertain the motion because it was filed after the claim of appeal had been filed. Morrison then filed a motion in this Court seeking to have the case remanded to the trial court for the reason that he had "meritorious grounds for filing a motion for new trial and to vacate the sentence, which grounds should properly be determined by the trial court prior to a determination by this Court". Because the nature of those grounds was not spelled out, we denied the motion to remand "without prejudice to defendant's right to renew said motion, indicating with more particularity what issues he wishes to raise in the trial court".

Morrison did not avail himself of the invitation to renew his motion but, rather, filed a brief on appeal seeking to raise this issue as part of his argument of the only stated question: whether the trial court had properly "examine[d]" the defendant before accepting his plea "in order to determine if [the] plea was truly voluntary and freely offered".

The breach of plea bargain issue was not properly preserved and raised. It cannot now be considered.

The defendant's conviction is affirmed.