PEOPLE v GINTHER

OPINION OF THE COURT

1. CRIMINAL LAW—ATTORNEY AND CLIENT—INDIGENT DEFENDANT—
RIGHT TO COUNSEL—HEARING—TESTIMONY—FINDINGS.

An indigent defendant, entitled to the appointment of a lawyer at
public expense, is not entitled to choose his lawyer; he may,
however, become entitled to have his assigned lawyer replaced
upon a showing of adequate cause for a change in lawyers;
when a defendant asserts that his assigned lawyer is not
adequate or diligent or asserts that his lawyer is disinterested,
the judge should hear his claim and, if there is a factual
dispute, take testimony and state his findings and conclusion.

2. CRIMINAL LAW—ATTORNEY AND CLIENT—RECORD—APPEAL AND ER-
ROR.

A judge's failure to explore a defendant's claim that his assigned
lawyer should be replaced does not necessarily require that a
conviction following such error be set aside; this is applied in a
case where the record does not show that the lawyer assigned
to represent the defendant was in fact inattentive to his respon-
sibilities.

3. CRIMINAL LAW—ATTORNEY AND CLIENT—RECORD—NEW TRIAL.

A convicted person who attacks the adequacy of the representa-
tion he received at his trial must prove his claim and to the
extent his claim depends on facts not of record, it is incumbent
on him to make a testimonial record at the trial court level in
connection with a motion for a new trial which evidentially
supports his claim and which excludes hypotheses consistent
with the view that his trial lawyer represented him adequately.

REFERENCES FOR POINTS IN HEADNOTES
[1–3, 5] 21 Am Jur 2d, Criminal Law §§ 315, 319, 321.
[4, 8] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
[6, 7] 4 Am Jur 2d, Appeal and Error §§ 476, 478, 481.
[9] 21 Am Jur 2d, Criminal Law §§ 459, 484–496.
[10, 11] 21 Am Jur 2d, Criminal Law §§ 540, 592, 614.

4. CRIMINAL LAW—NEW TRIAL—PLEA OF GUILTY—SETTING PLEA
   ASIDE—RECORD—APPEAL AND ERROR.

   Defendant should move in the trial court for a new trial or,
   where the conviction is on a plea of guilty, to set aside the plea,
   and seek to make a separate record factually supporting the
   claims, if the record made before he is convicted does not
   factually support claims he wishes to urge on appeal.

5. CRIMINAL LAW—APPEAL AND ERROR—PLEA OF GUILTY—ATTORNEY
   AND CLIENT—EVIDENTIARY HEARING—SUPREME COURT.

   The only relief the Michigan Supreme Court could properly grant
   would be to require an evidentiary hearing concerning claims
   that the trial judge should have disqualified himself, that
   another lawyer should have been substituted for his court-
   appointed lawyer and that the plea of guilty was impermissibly
   induced until defendant establishes the factual substantiality of
   the claims.

6. CRIMINAL LAW—APPEAL AND ERROR—RECORD—EVIDENTIARY HEAR-
   ING.

   A defendant who wishes to advance claims that depend on
   matters not of record can properly be required to seek at the
   trial court level an evidentiary hearing for the purpose of
   establishing his claims with evidence as a precondition to
   invoking the processes of the appellate courts except in the
   rare case where the record manifestly shows that the judge
   would refuse a hearing; in such a case the defendant should
   seek on appeal, not a reversal of his conviction, but an order
   directing the trial court to conduct the needed hearing.

7. CRIMINAL LAW—MOTIONS—COURT OF APPEALS—REMAND OF CASE—
   PLEA OF GUILTY—NEW TRIAL—ASSISTANCE OF COUNSEL—
   COERCED PLEA—MIRANDA WARNINGS.

   Motion by appellate counsel in the Michigan Court of Appeals for
   an order remanding a case to the trial court so that defendant
   could file "a motion for a new trial" showed the need for
   remand and should have been granted where the motion al-
   leged that the grounds on which a "new trial" was sought were
   such that they "should be presented to the trial court prior to
   determination by this court" and enumerated the grounds:
   denial of effective assistance of counsel, refusal to substitute
   another lawyer after defendant had asserted that the appointed
   lawyer "was not pursuing his case with the vigor demanded by
   the law", his plea of guilty was coerced, the judge's failure to
   disqualify himself, failure to read the *Miranda* warnings.

8. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—APPEAL
   AND ERROR—SUPREME COURT—COURT OF APPEALS—REMAND.

   Remand to the trial court for the purpose of making a motion to
   withdraw defendant's guilty plea is made by the Michigan
   Supreme Court where defendant did not have a lawyer to move
   to withdraw the plea within the time period for filing such a
   motion and his appellate lawyer timely sought and the Michi-
   gan Court of Appeals improperly denied a remand to the trial
   court for that purpose.

9. CRIMINAL LAW—PLEA OF GUILTY—SELF-INCRIMINATION.

   Inquiry of defendant during bench questioning when his plea of
   guilty was offered and accepted adequately informed defendant
   of his right against self-incrimination where the judge asked
   "You understand in that trial you can either take the witness
   stand or not take the witness stand as you desire?".

10. CRIMINAL LAW—SENTENCES—MINIMUM SENTENCE—APPEAL AND
    ERROR—PENDING APPEAL.

    The rule stated in a Michigan Supreme Court decision that the
    minimum term of an indeterminate sentence may not exceed
    two-thirds of the maximum term applies to any case in which
    an appeal was pending on July 26, 1972, and that issue is
    briefed at any time during pendency of the appeal; therefore,
    the minimum term of defendant's sentence is reduced to 6-2/3
    years where defendant was originally sentenced to 7 to 10
    years and his appeal was pending on that date.

OPINION CONCURRING IN PART AND DISSENTING IN PART

T. M. KAVANAGH, C. J., and WILLIAMS, and M. S. COLEMAN, J.J.
See headnotes 1–9.

11. CRIMINAL LAW—SENTENCES—MINIMUM SENTENCE—MAXIMUM
    SENTENCE—INDETERMINATE SENTENCE—APPEAL AND ERROR—
    PENDING APPEAL—BRIEF—SUPPLEMENTAL BRIEF.

    *The rule stated in a Michigan Supreme Court decision that the
    minimum term of an indeterminate sentence may not exceed
    two-thirds of the maximum term was prospectively limited to
    those cases in which sentence was to be or had been imposed
    after July 26, 1972 and to those cases which on that date were
    pending on appeal and which had properly raised and pre-
    served the issue for appeal; any brief, supplemental brief, or
    amended brief filed with the Michigan Court of Appeals after
    July 26, 1972 which for the first time raises the issue does not
    entitle the case upon which it is filed to the benefit of that*

*holding unless sentencing was imposed after that date and
cases upon which such briefs are filed are not cases then
pending on appeal upon properly preserved specific issue; there-
fore, a case in which that issue was not raised at the trial and
no brief was filed with the Court of Appeals properly raising
that issue prior to July 26, 1972 and nowhere in the entire
record, including the briefs filed with the Supreme Court, is
that issue raised is not entitled to that holding.*

Appeal from Court of Appeals, Division 2, Dan-
hof, P. J., and T. M. Burns and Van Valkenburg,
JJ., affirming Lenawee, Rex B. Martin, J. Submit-
ted May 9, 1973. (No. 5 May Term 1973, Docket
No. 54,099.) Decided December 18, 1973.

39 Mich App 113 reversed.

Herbert E. Ginther was convicted, on his plea of
guilty, of breaking and entering. Defendant ap-
pealed to the Court of Appeals. Affirmed. Defend-
ant appeals. Reversed and remanded to circuit
court for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *Harvey Ko-
selka,* Prosecuting Attorney *(Thomas R. Lewis* and
*James D. Hunter,* of counsel), for the people.

*State Appellate Defender Office* (by *Stuart M.
Israel [Martin Reisig,* of counsel]), for defendant on
appeal.

LEVIN, J. Herbert Eugene Ginther was convicted
on his plea of guilty of the offense of breaking and
entering with intent to commit larceny. MCLA
750.110; MSA 28.305. The Court of Appeals af-
firmed. *People v Ginther,* 39 Mich App 113; 197
NW2d 281 (1972).

Ginther contends that his guilty plea should be
set aside because the judge erred in failing to

disqualify himself and in failing to grant Ginther's request, made before he pled guilty, for a substitute lawyer, and because a combination of coercive factors influenced him to plead guilty: the rejected motions for disqualification of the judge and for substitution of another lawyer, Ginther's ignorance of an intoxication defense, the harshness of jail conditions, a confession obtained in violation of *Miranda* and *Escobedo* rights.

Ginther also contends that the judge failed to inform him adequately of his right against self-incrimination during the bench questioning at the time the plea was offered and accepted; and that the minimum 7 year term of the 7 to 10 years sentence should be reduced to 6-2/3 years on the rationale of *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972).

I

It has been said that an accepted plea of guilty "is itself a conviction. Like a verdict of a jury it is conclusive." *Kercheval v United States,* 274 US 220, 223; 47 S Ct 582; 71 L Ed 1009 (1927). Similarly, see *People v Wolff,* 389 Mich 398; 208 NW2d 457 (1973).

The authorities are legion that a plea of guilty waives error committed by a judge in rulings on defense motions made before the plea is offered and accepted.[1]

---

[1] *See People v Wickham,* 41 Mich App 358, 360; 200 NW2d 339 (1972); *People v Harvey,* 24 Mich App 363, 364; 180 NW2d 316 (1970); *People v Catlin,* 39 Mich App 106, 107–108; 197 NW2d 137 (1972).

*See, generally,* 1 Wright, Federal Practice & Procedure, § 175, pp 378–382.

It does not, however, waive all defenses. In *Haynes v United States,* 390 US 85; 88 S Ct 722; 19 L Ed 2d 923 (1968), the United States Supreme Court ruled in effect that a plea of guilty does not waive a previous claim that the statute under which the defendant was charged violates the constitutional privilege against self-incrimina-

Why an accepted plea of guilty should cure errors that a guilty verdict or finding would not cure has not been adequately explained. In a case where the plea of guilty is to a lesser included or lesser added offense, waiver by the defendant of judicial error might be deemed part of the agreed-upon consideration. Putting aside the legitimacy of such consideration,[2] all pleas are not bargained pleas. In this case Ginther pled guilty to the charged offense.

The posture of this case makes it unnecessary to decide whether the plea-waiver doctrine precludes consideration of the errors here assigned; the record on appeal does not factually support Ginther's claims that he is entitled to have his plea set aside.

II

An indigent defendant, entitled to the appointment of a lawyer at public expense, is not entitled to choose his lawyer. He may, however, become entitled to have his assigned lawyer replaced upon a showing of adequate cause for a change in lawyers.[3]

When a defendant asserts that his assigned

---

tion. *See* A Model Code of Pre-Arraignment Procedure, § SS 290.1(4)(b), pp 89, 215; 1 Wright, *op cit,* pp 381–382; California Penal Code, § 1538.5(m); McKinney's Consolidated Laws of New York Annotated, Book 11A, Criminal Procedure Law, § 710.70, ¶ 2.

[2] *Cf. People v Harrison,* 386 Mich 269, 276; 191 NW2d 371 (1971).

[3] "[I]f the defendant for substantial grounds asks that counsel be replaced, successor counsel should be appointed." American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services, § 5.3. *See, also,* accompanying commentary, pp 50–51.

*Similarly, see* commentary accompanying Standards Relating to Criminal Appeals, § 3.2, pp 82–83; *United States v Thomas,* 146 US App DC 308, 309; 450 F2d 1355, 1356 (1971); *State v Kane,* 52 Hawaii 484, 487–488; 479 P2d 207, 209–210 (1971).

lawyer is not adequate or diligent or asserts, as here, that his lawyer is disinterested, the judge should hear his claim and, if there is a factual dispute, take testimony and state his findings and conclusion.

A judge's failure to explore a defendant's claim that his assigned lawyer should be replaced does not necessarily require that a conviction following such error be set aside. Here, in contrast with *People v Williams,* 386 Mich 565; 194 NW2d 337 (1972),[4] and *People v Wilson,* 43 Mich App 459; 204 NW2d 269 (1972), the record does not show that the lawyer assigned to represent Ginther was in fact inattentive to his responsibilities. *Cf. People v Holcomb,* 47 Mich App 573, 588; 209 NW2d 701 (1973).

Ginther couples his claim that the judge should have substituted another lawyer with a claim that, in failing to advise Ginther of a possible intoxication defense, the assigned lawyer failed to represent him adequately.[5] Whether Ginther had a viable intoxication defense and whether the representation he received from his assigned lawyer was adequate depends on facts not of record. "A convicted person who attacks the adequacy of the

---

[4] The record showed "an irreconcilable bona fide dispute" between the defendant and his lawyer over whether to call alibi witnesses.

[5] Pertinent is *Tollett v Henderson,* 411 US 258; 93 S Ct 1602; 36 L Ed 2d 235 (1973), where the United States Supreme Court ruled that it was incumbent upon a defendant, who seeks to have his guilty plea set aside because of misadvice of his lawyer, to show that the advice rendered was outside the "range of competence demanded of attorneys in criminal cases". Three justices dissented on the ground that the record showed that the lawyer had failed to investigate and inform the accused concerning a possible constitutional challenge.

In this case the record is silent whether Ginther's lawyer was aware or should have been aware of the possible intoxication defense; we, therefore, need not reach the question decided in *Tollett.*

A less stringent standard applies where the defendant waives counsel. *See Fontaine v United States,* 411 US 213; 93 S Ct 1461; 36 L Ed 2d 169 (1973).

representation he received at his trial must prove his claim. To the extent his claim depends on facts not of record, it is incumbent on him to make a testimonial record at the trial court level in connection with a motion for a new trial which evidentially supports his claim and which excludes hypotheses consistent with the view that his trial lawyer represented him adequately." *People v Jelks,* 33 Mich App 425, 431; 190 NW2d 291 (1971).

## III

If the record made before a defendant is convicted does not factually support claims he wishes to urge on appeal, he should move in the trial court for a new trial or, where the conviction is on a plea of guilty, to set aside the plea, and seek to make a separate record factually supporting the claims. See *People v Taylor,* 387 Mich 209, 218; 195 NW2d 856 (1972).[6] Without record evidence supporting the claims, neither the Court of Appeals nor we have a basis for considering them.

Although Ginther would have us reverse his conviction, until he establishes the factual substantiality of the claims that the judge should have disqualified himself, that another lawyer should have been substituted and that the plea of guilty was impermissibly induced, the only relief we could properly grant would be to require an evidentiary hearing concerning those claims.

A defendant who wishes to advance claims that depend on matters not of record can properly be required to seek at the trial court level an evidentiary hearing for the purpose of establishing his claims with evidence as a precondition to invoking

---

[6] *Similarly, see People v Miller,* 30 Mich App 254, 255; 186 NW2d 25 (1971); *People v Morrison,* 46 Mich App 138, 140; 207 NW2d 411 (1973).

the processes of the appellate courts except in the rare case where the record manifestly shows that the judge would refuse a hearing; in such a case the defendant should seek on appeal, not a reversal of his conviction, but an order directing the trial court to conduct the needed hearing.

## IV

These general principles must, however, yield to still another factor present in this case.

Ginther was sentenced on February 26, 1971. He timely requested, on April 14, 1971, assigned counsel for post-conviction proceedings. The State Appellate Defender was appointed on May 14, 1971 to represent him. Claim of Appeal was timely filed on June 29, 1971.

While both the request for assignment of appellate counsel and the claim of appeal were timely filed, a motion to withdraw guilty plea could not have been filed by assigned appellate counsel as the 60-day period after sentencing for filing such a motion had expired before appellate counsel was appointed.[7]

---

[7] We are considering an amendment of the court rule to correct this anomaly. The present rule reads:

"Appeal to the Court of Appeals as of right in civil cases shall be taken not later than 20 days after the entry of the judgment or order appealed from, or within 20 days after the entry of an order denying a motion for a new trial or rehearing, provided such motion is made and served (a) within 20 days after the entry of the judgment or order appealed from, or (b) with such further time as may be allowed by the trial court during such 20 day period. In criminal proceedings, appeal as of right shall be taken not later than 60 days after the entry of the judgment or order appealed from or after the entry of an order appointing appellate counsel for an indigent defendant pursuant to sub-rule 785.4(1), or within 60 days after the entry of any order denying a motion for new trial, provided such motion is made and served (a) within 60 days after the entry of judgment or order appealed from, or (b) within such further time as may be allowed by the trial court during such 60-day period. The time herein provided is jurisdictional in appeals as of right." GCR 1963, 803.1.

Ginther's appellate counsel moved in the Court of Appeals on August 3, 1971 for an order remanding the case to the trial court so that Ginther could file "a motion for a new trial". The motion showed the need for remand and should have been granted.

The motion alleged that the grounds on which a "new trial" was sought were such that they "should be presented to the trial court prior to determination by this court"; the motion enumerated the grounds: denial of effective assistance of counsel, refusal to substitute another lawyer after Ginther had asserted that the appointed lawyer "was not pursuing his case with the vigor demanded by the law", his plea of guilty was coerced, the judge's failure to disqualify himself, failure to read the *Miranda* warning.

Accordingly, since Ginther did not have a lawyer to move to withdraw his guilty plea within the time period for filing such a motion and his appellate lawyer timely sought and the Court of Appeals improperly denied a remand to the trial court for the purpose of making such a motion, we remand to the trial court for that purpose.

V

The trial judge's inquiry of Ginther during the bench questioning when his plea of guilty was offered and accepted, "You understand in that trial you can either take the witness stand or not take the witness stand as you desire?," adequately informed Ginther of his right against self-incrimination.[8]

---

[8] GCR 1963, 785.7, effective June 1, 1973, requires the judge to inform the defendant and determine that he understands, before accepting a guilty plea, that he has "the right to remain silent or to testify at his trial, as he may choose, and that at trial no inferences

## VI

In a large number of cases the Court of Appeals has applied the rule stated in *People v Tanner,* 387 Mich 683, 690; 199 NW2d 202, 204–205 (1972), providing that the minimum term of an indeterminate sentence may not exceed two-thirds of the maximum term, "to any case in which an appeal was pending on July 26, 1972, and the *Tanner* issue was briefed at any time during pendency of the appeal" *(People v Alvin Reed,* 43 Mich App 556, 558; 204 NW2d 319, 320 [1972]), including cases, as in *Reed,* where the "defendant filed a supplemental brief" raising the *Tanner* issue. See, also, *People v Knopek,* 47 Mich App 530, 534; 209 NW2d 722, 725 (1973); *People v Montgomery,* 43 Mich App 205, 208–209; 204 NW2d 82 (1972). We accept that construction of *Tanner.* The minimum term of Ginther's sentence is reduced to 6-2/3 years.

Remanded to the trial court for further proceedings consistent with this opinion; the judgment of conviction and sentence shall in all events be amended to reduce the minimum sentence to 6-2/3 years. We do not retain jurisdiction.

T. E. Brennan, T. G. Kavanagh, and Swainson, JJ., concurred with Levin, J.

T. M. Kavanagh, C. J. *(concurring in part and dissenting in part).* I concur in the reasoning and remand written by Justice Levin except on the *"Tanner* issue". In writing the opinion for the Court in *People v Tanner,* 387 Mich 683; 199

---

adverse to him may be properly drawn if defendant chooses not to testify." "The procedure and practice under sub-rule 785.7 is mandatory and failure to comply therewith constitutes reversible error."

NW2d 202 (1972), I concluded at page 690 as follows:

"Based upon the principles analyzed and discussed in *People v Hampton,* 384 Mich 669 [187 NW2d 404] (1971), we hold that the decision herein is prospectively limited to those cases in which sentence is to be or has been imposed after date of filing of this opinion and to those cases which on date of filing of this opinion are pending on appeal and which have properly raised and preserved the issue for appeal. Sentences imposed prior to date of this decision and not pending on appeal upon properly preserved specific issue shall not be affected by the rule herein adopted."

This opinion was signed by Justices Adams, T. G. Kavanagh, Swainson and Williams.

It was represented to us by then members of the Court that the limitation as to the effect of the opinion would not be upheld when subsequent cases were brought to our attention. I vote to uphold it.

The *Tanner* opinion was rendered July 26, 1972. In the instant case claim of appeal to the Court of Appeals was timely filed on June 29, 1971. However, the *Tanner* issue was not raised at the trial of this case, nor was a brief filed with the Court of Appeals properly raising this issue prior to July 26, 1972. Any brief, supplemental brief, or amended brief, filed with the Court of Appeals after July 26, 1972 which for the first time raises the *Tanner* issue does not entitle the case upon which it is filed to the benefit of the *Tanner* holding unless sentencing was imposed after July 26, 1972. Cases upon which such briefs are filed are not cases then "pending on appeal upon *properly preserved specific issue". Ginther* is such a case.

In *Ginther,* the Court of Appeals rendered its

decision on February 29, 1972. Delayed application for leave to appeal to this Court was made April 28, 1972, leave being granted July 6, 1972. Nowhere in the entire record, including the briefs filed with this Court, is the *Tanner* issue raised. It is hardly necessary to further point out that this issue was not preserved for appellate review prior to July 26, 1972. *Ginther* is not entitled to the *Tanner* holding.

I dissent from that portion of the opinion remanding this case for resentencing under the *Tanner* holding.

WILLIAMS and M. S. COLEMAN, JJ., concurred with T. M. KAVANAGH, C. J.