PEOPLE v ROGERS

1. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—JUVE-
   NILES.

   A rule which allows a defendant to withdraw a plea of guilty and
   proceed to trial if a statement of a judge or prosecutor may be
   fairly interpreted as a promise of leniency and the promise is
   unfulfilled, should apply as well to promises alleged to have
   been made by a juvenile officer to a juvenile defendant.

2. CRIMINAL LAW—APPEAL AND ERROR—PLEA OF GUILTY—PROMISE OF
   LENIENCY—PRESERVING QUESTION.

   A claim by a defendant who has pleaded guilty that he had been
   promised leniency and that such promise was unfulfilled, where
   such a claim is not supported by the plea-taking proceedings,
   requires action in the trial court by a motion to withdraw his
   plea of guilty, in order to establish a testimonial record and
   findings by a judge upon which an appeal may be taken.

3. CRIMINAL LAW—PLEA OF GUILTY—CONFESSION—COUNSEL—COMPE-
   TENCE—EFFECTIVENESS.

   A plea of guilty induced by an arguably coerced confession is still
   a voluntary act if made with the advice of counsel and such
   advice does not justify a conclusion that the attorney was
   incompetent or ineffective.

4. CRIMINAL LAW—SENTENCING—PENDING CHARGES—PRESENTENCE
   REPORT—PRESERVING QUESTION.

   A defendant's allegation that the trial court considered a pending
   charge when sentencing the defendant is not justified where
   the record does not support such an interpretation of the
   remarks of the trial court on which such an allegation was
   based and the defendant has not complained that he was ·
   deprived of the opportunity to explain or challenge anything in
   the presentence report.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.
[2] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.
[3] 21 Am Jur 2d, Criminal Law § 495.
[4] 21 Am Jur 2d, Criminal Law §§ 495, 496.

Appeal from Berrien, Julian E. Hughes, J. Submitted Division 3 June 6, 1974, at Grand Rapids. (Docket No. 17046.) Decided September 11, 1974.

Robert Rogers was convicted, on his plea of guilty, of assault with intent to rob being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *John Jeffrey Long,* Assistant Prosecuting Attorney, for the people.

*Norris J. Thomas, Jr.,* Assistant State Appellate Defender, for defendant.

Before: HOLBROOK, P. J., and T. M. BURNS and R. L. SMITH,* JJ.

PER CURIAM. On January 8, 1973, after being advised of his rights, the defendant pled guilty to a charge of assault with intent to rob being armed. MCLA 750.89; MSA 28.284. At the same time he stood mute to a charge of rape. Defendant was 15 years old when apprehended by Michigan authorities in Florida. The Michigan officers questioned him at the time in Florida after informing him of his *Miranda*[1] rights. The defendant signed a statement and waived extradition to Michigan.

On February 6, 1973, the defendant was sentenced to 15 to 45 years in prison. Without seeking any type of relief in the trial court defendant filed a claim of appeal in this Court.

The defendant contends that his plea of guilty should be set aside because it was induced by an

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

[1] *Miranda v Arizona,* 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694; 10 ALR3d 974 (1966).

unfulfilled promise of leniency by a juvenile court officer. It is his claim that the juvenile officer told him he would not receive a sentence longer than 5 years. In *In re Valle,* 364 Mich 471, 477–478; 110 NW2d 673 (1961) the Supreme Court stated:

"If the evidence establishes that the prosecutor or the judge has made a statement which fairly interpreted by the defendant * * * is a promise of leniency, and the assurance is unfulfilled, the plea may be withdrawn and the case proceed to trial."

We see no reason why this rule should not apply to promises alleged to have been made by a juvenile officer, especially when it has been given to a 15-year-old juvenile. In *People v Morrison,* 46 Mich App 138, 139; 207 NW2d 411 (1973), the allegation was made that the promise of leniency was made by a police officer. We expect juvenile officers to counsel and advise juveniles and expect juveniles to look upon such officers and their counseling with respect. However, the question of whether or not there was a promise of leniency is not properly before the Court. In *Morrison* this Court stated:

"Morrison further asserts that he is entitled to have his plea set aside because it was induced by a promise made by the police officers in charge of his case that he would receive probation. Such a claim must be advanced by a motion to withdraw guilty plea since the claim depends upon facts *dehors* the record; without a testimonial record and findings by a judge, this Court has nothing before it to review."

During the plea-taking proceedings the defendant was asked if he had been promised leniency and he replied in the negative. His unsupported allegations require action in the trial court to establish a record for appeal. *People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973).

The defendant also argues that he was induced to enter a plea of guilty on advice of counsel who advised him that if he stood trial his statement given to the Michigan officers while being questioned in Florida would be used against him. Defendant claims the confession is clearly inadmissible and he was deprived of adequate counsel by the giving of such advice. *People v Johnson,* 386 Mich 305; 192 NW2d 482 (1971), adopted the United States Supreme Court's holding in *McMann v Richardson,* 397 US 759; 90 S Ct 1441; 25 L Ed 2d 763 (1970), that a plea of guilty induced by an arguably coerced confession is still a voluntary act if made with the advice of counsel. In *McMann* the Court said:

"Courts continue to have serious differences among themselves on the admissibility of evidence * * * . That this Court might hold a defendant's confession inadmissible in evidence, possibly by a divided vote, hardly justifies a conclusion that the defendant's attorney was incompetent or ineffective when he thought the admissibility of the confession sufficiently probable to advise a plea of guilty." 397 US 770; 90 S Ct 1448, 25 L Ed 2d 773.

The defendant contends that the trial court committed error by considering the pending charge in fixing the sentence. The trial court stated in commenting on information in the presentence report:

"In my opinion, in reading this, this is one of the most serious crimes that's ever come before me. You are young, it is true. This was an adult-type crime of the most vicious nature directed against an 80-year-old woman in her own home."

The defendant interprets this statement as meaning that the trial court was referring to the

rape charge. It may be noted that the trial judge never mentioned the rape charge specifically. Defendant's reliance on *People v Grimmett,* 388 Mich 590; 202 NW2d 278 (1972), and *People v Zachery Davis,* 41 Mich App 683; 200 NW2d 779 (1972), is misplaced for the reason that in both of these cases the sentencing judge made open reference to other offenses which the defendants denied and which offenses had not yet been proven.

As Justice WILLIAMS recently wrote in *People v Lee,* 391 Mich 618, 636; 218 NW2d 655 (1974):

"The realistic and honest policy is to recognize that the judges will have this information in one way or another and to provide the defendant the opportunity at his instance to challenge or explain such pending charges as best he can, if he deems it advisable."

The defendant does not complain that he was deprived of the opportunity to explain or challenge anything contained in the presentence report. He merely contends that the quoted statement of the sentencing judge means that the pending charge was weighed against him in his sentence. We find such an interpretation to be unjustified.

Remanded to the trial court for the purpose of permitting defendant to make a motion to withdraw his guilty plea. As to all other issues, the case is affirmed. We do not retain jurisdiction.