PEOPLE v RODRIGUEZ

OPINION OF THE COURT

1. STATUTES—ACTS—TITLES OF ACTS—PURPOSE OF ACTS.

    The title of an act need not index all of the subsequent provisions of the act so long as those provisions are consistent with the broad purpose expressed in the title.

2. DRUGS AND NARCOTICS—STATUTES—ACTS—TITLES OF ACTS—LEGISLATIVE INTENT—WORDS AND PHRASES.

    The title of an act is not to be given a strained or narrow interpretation; thus, because the title of the Controlled Substances Act indicates a legislative intent to control all trafficking in drugs, a proscription on delivery of a drug is within the act's title although the word "delivery" does not appear therein; the word "disposition" as used in the title is so similar to the word "delivery" as found in the text that only an extraordinarily narrow and strained view would hold the two inconsistent.

3. DRUGS AND NARCOTICS—MARIJUANA—POSSESSION—INTENT TO DISTRIBUTE—PRIMA FACIE EVIDENCE—STATUTORY PRESUMPTIONS—PLEA OF GUILTY—AFFIDAVITS.

    A defendant's affidavit that he entered a plea of guilty to a

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes §§ 158, 159.

[2] 73 Am Jur 2d, Statutes §§ 97–99, 148, 304, 310.

[3] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 21, 45, 47.

What constitutes "possession" of a narcotic drug proscribed by § 2 of the Uniform Narcotic Drug Act. 91 ALR2d 810.

[4, 5] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for crimes. 43 ALR3d 281.

[5] 21 Am Jur 2d, Criminal Law § 484 *et seq.*

Court's duty to advise or admonish accused as to consequences of guilty plea, or to determine that he is advised thereof. 97 ALR2d 549.

[6] 21 Am Jur 2d, Criminal Law §§ 533, 540, 572, 581, 592, 614.

[7] 21 Am Jur 2d, Criminal Law § 527.

[8] 25 Am Jur 2d, Drugs, Narcotics, and Poisons §§ 45, 47.

charge of possession of marijuana with intent to distribute because of a statutory presumption which has since been declared unconstitutional that possession of more than two ounces of marijuana was prima facie evidence of possession with intent to deliver is not sufficient in itself to overcome the conclusion that reasons far stronger than the statutory presumption motivated the plea where the defendant was in possession of over 600 pounds of marijuana upon his arrest, and the record indicates that the plea was highly motivated by the indorsement of a co-defendant as a prosecution witness.

4. CRIMINAL LAW—PLEA OF GUILTY—APPEAL AND ERROR—PROMISE OF LENIENCY.

The Court of Appeals will normally reject a post-conviction claim by a defendant that he received a promise of leniency before pleading guilty where the sole or primary basis of the claim is the defendant's affidavit.

5. CRIMINAL LAW—PLEA OF GUILTY—PROMISE OF LENIENCY—HEARING —NECESSITY FOR HEARING.

A hearing is necessary to determine if statements promising leniency were made to a defendant prior to his pleading guilty and whether he had reason to believe these statements where: the defendant's answers to a questionnaire given prior to his plea are ambiguous on the subject of promises; immediately after his plea was accepted charges against a codefendant were dropped and those against another codefendant held in abeyance; the trial court's hearing on the defendant's motion to withdraw his plea was held and decided on the same day with no evidence taken other than defendant's and people's trial counsel's affidavits and arguments of the respective counsel.

6. APPEAL AND ERROR—CRIMINAL LAW—SENTENCING—INDETERMINATE SENTENCE.

A properly formulated indeterminate sentence is not generally reviewable on appeal.

7. CRIMINAL LAW—SENTENCING—FACTORS CONSIDERED.

When imposing sentence, a trial court may properly consider the nature of the crime itself and the interests on the part of society as a whole to be protected.

DISSENT BY T. M. BURNS, J.

8. DRUGS AND NARCOTICS—INTENT TO DELIVER—MARIJUANA— AMOUNT IN POSSESSION—PRESUMPTIONS.

*A defendant cannot be convicted of possession with intent to*

*deliver by merely showing that he possessed a large amount of a controlled substance; intent to deliver is an element of the offense which should be proven by the prosecutor, and the mere fact that a defendant possessed a large amount of marijuana does not deprive him of the beneficial effects of a case which held unconstitutional a statutory presumption of intent to deliver where a defendant possessed more than two ounces.*

Appeal from Oakland, William P. Hampton, J. Submitted Division 2 February 10, 1975, at Lansing. (Docket No. 17610.) Decided May 27, 1975.

Rene G. Rodriguez was convicted, on his plea of guilty, of possession of marijuana with intent to distribute. Defendant appeals. Affirmed in part, and remanded for further proceedings.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *T. S. Givens,* Assistant Appellate Counsel, for the people.

*Glotta, Adelman & Dinges* (by *Hugh M. Davis, Jr.),* for defendant.

Before: ALLEN, P. J. and T. M. BURNS and R. M. MAHER, JJ.

ALLEN, J. Defendant was charged with possession of marijuana with intent to distribute contrary to MCLA 335.341; MSA 18.1070(41). February 13, 1973, he entered a plea of guilty and, on March 10, was sentenced to one-and-a-half to four years in prison. May 18, 1973, approximately six weeks after sentence, defendant moved to withdraw his plea and for a new trial. The motion was argued May 18, 1973, and on the same day was denied. Defendant's grounds in support of the motion—the same being the errors alleged in this appeal—are recited and discussed below.

First, defendant contends the Controlled Substances Act, MCLA 335.301 *et seq.;* MSA 18.1070(1) *et seq.,* is in violation of Const 1963, art 4, § 24 because the full text of the Act proscribes "delivery", whereas the title refers only to "sale". We do not agree. The title is most inclusive, reading:

"AN ACT to regulate the control, manufacture, production, compounding, prescribing, *disposition,* dispensing, *sale,* possession, use and administering of controlled substances; to prescribe the functions of the state board of pharmacy and department of licensing and regulation in the administration of this act; to prescribe remedies and penalties for violations of this act; and to repeal certain acts and parts of acts." (Emphasis supplied.)

*People v Andrea,* 48 Mich App 310, 323; 210 NW2d 474 (1973), held the title of an act need not index all the subsequent provisions, providing these provisions are consistent with the broad purpose expressed in the title. *City of Gaylord v Gaylord City Clerk,* 378 Mich 273, 288; 144 NW2d 460 (1966), holds that the title of an act is not to be given strained and narrow interpretation. Compatible with these holdings, we find that the title of the Controlled Substances Act indicates a legislative intent to control all trafficking in drugs, and accordingly a proscription on delivery is clearly within the act's title. Further, we find that the word "disposition" as used in the title is so similar to the word "delivery" as found in the text that only an extraordinarily narrow and strained view would hold the two inconsistent.

Second, at the time of plea-taking, § 41(2) of the Controlled Substances Act provided that possession of more than two ounces of marijuana was prima facie evidence of possession with intent to deliver.

September 17, 1974, § 41(2) was held unconstitutional in *People v Serra,* 55 Mich App 514; 223 NW2d 28 (1974). In an affidavit supporting his motion to withdraw the plea of guilty, defendant alleges he entered the plea because of the statutory presumption. When defendant was arrested he was in possession of over 600 pounds of marijuana. He signed a form in answer to question 20, in which he wrote he drove the marijuana to Pontiac for delivery to two co-defendants.

Settled case law and the record compel us to reject defendant's claim. The only evidence that defendant's plea was motivated by the two-ounce presumption is defendant's affidavit. This Court has frequently held that a single affidavit is insufficient to remand or reverse a plea of guilty.[1] Realistically, the decision in *Serra* did little to advance defendant's claim. Had defendant been charged with possession of a few ounces of marijuana the removal of the presumption would be valuable. Not so where 600 pounds was involved. *Serra, supra,* stated:

"Denying the prosecutor the use of this evidentiary crutch should not impede appropriate prosecutions. The substantive crime remains available. Prosecutions involving large amounts of marijuana will not require a presumption to convince a jury that the possessor intended something other than personal use; the inference may follow of its own force." 55 Mich App 514, 525.

Further, the day defendant pleaded guilty defendant first became aware that one co-defendant,

[1] *See People v Smith,* 52 Mich App 731, 736; 218 NW2d 151 (1974), where the Court said:

"Furthermore, we hold that defendant's affidavit, standing alone, is insufficient to require us to remand this case for an evidentiary hearing on this alleged promise of leniency."

William Gould, had been endorsed as a prosecution witness. The record at the plea-taking February 13 itself indicates that defendant's plea of guilty was highly motivated by the endorsement of the res gestae witness.[2] Accordingly, we conclude that reasons far stronger than the two-ounce presumption motivated defendant's plea and that defendant's affidavit alone is insufficient to overcome this conclusion.

Third, defendant argues that, entirely separate and apart from issue two discussed above, promises of leniency made by law enforcement officials led him to believe he would receive probation. Since that promise was unfulfilled defendant claims that under *Santobello v New York,* 404 US 257; 92 S Ct 495; 30 L Ed 2d 427 (1971), he may choose between vacating his plea and specific performance of the promise. Plaintiff argues that this post-conviction claim is totally inconsistent with defendant's statement at the plea-taking. Additionally, the trial prosecutor submitted an affidavit that no promises of leniency were made by any of the police officers involved in the case and that in any trial prosecutor's conversations with defense counsel affiant:

> "merely stated that the instant case was one which his experience in Recorder's Court indicated might result in probation and that his experience indicated that judges at the trial level tend to sentence more favorably after a guilty plea than after conviction by trial."

---

[2] "However, this plea is being offered this morning in response to a representation made by the Prosecution through Mr. Gilman to the effect that the Prosecution intended to add the present defendant, Gould, as a witness for the Prosecution as a res gestae witness. It is on that basis, on that representation knowing that we—the defendant —would be entitled perhaps to a one or two day adjournment but not to put the case off, that this plea is being made because Mr. Gould is being added or they intend to add him as a witness in this case."

Cases involving post-conviction claims of promises of leniency have resulted in different but not necessarily conflicting conclusions. Where the sole or primary basis of the claim is defendant's affidavit, this Court has rejected the claim.

"It is difficult to know how a trial judge can protect himself and his record on plea acceptance other than by asking a defendant whether any inducements or promises have been made to him. If the affidavit of defendant and his brother, standing alone, mandates an 'evidentiary hearing', then no plea negotiated or otherwise is inviolate in our state." *People v Chester Davis,* 41 Mich App 224, 225–226; 200 NW2d 109 (1972).

See also *People v Smith, supra.* On the other hand, this Court has, in selected cases, occasionally remanded to the trial court to ascertain the full facts of the allegation. *People v Rogers,* 55 Mich App 491, 493; 223 NW2d 20 (1974), *People v Zuniga,* 56 Mich App 231, 233; 223 NW2d 652 (1974).[3]

Which chain of cases do we follow in the case now before us? Preparatory to his plea of guilty, defendant was given a printed form to fill out. His response to question 13 suggests some kind of promise may have been made.

"13. Have you been promised that if you plead guilty to this charge, that the original charge or N/A any other charge pending against you will be dropped?        YES

"If so, what charges?
"(Note: Respondent, together with counsel, must outline any Plea agreement in writing below.)"

---

[3] Reference to *Zuniga* is to page 233 where, after defendant's initial appeal, this Court "granted a motion to remand for an evidentiary hearing to determine the voluntariness of the guilty plea." The trial court found the plea voluntary, and defendant appealed for a second time. The full opinion in *Zuniga* concerns the second appeal.

We note defendant's written reply was ambiguous, N/A apparently meaning not applicable, and yes meaning there was a promise. Question 15, was left blank.[4] Question 17 asked whether defendant knew the maximum and minimum sentences. He correctly filled in 4 as the maximum sentence but left the minimum blank. Immediately after accepting defendant's plea, an order of nolle prosequi against co-defendant William Gould was ordered entered. Charges against co-defendant Garcia were held in abeyance by reason of charges pending in another jurisdiction. The entire posture of the case has overtones of possible promises—at least enough indicia to justify further pursuit of defendant's claim. The trial court's hearing on defendant's motion was held and decided the same day, apparently with no evidence being taken other than the affidavits of defendant and plaintiff trial counsel and arguments of respective trial counsel. On the basis of this record, we follow *Rogers, supra,* and remand for a hearing at the trial court level to determine if statements were in fact made promising leniency and whether defendant had reason to believe these statements. Our determination in this instance is not a modification of the rules announced in *Davis, supra,* and *Smith, supra,* which are distinguishable because of the absence in the record of evidence supporting appellant's affidavit.

Lastly, defendant asserts error in the sentence on the grounds the court failed to distinguish between marijuana and other controlled substances. The sentence imposed, "to a maximum period of 4 years, which is set by law", in itself shows the trial judge was clearly aware that mari-

---

[4] "15. Except for what you have already stated, have any promises of any kind been made to induce this plea? _____"

juana was placed in a category separate from other controlled substances.[5] Additionally, defendant contends that even though the sentence was a properly formulated indeterminate sentence which is not generally reviewable on appeal, *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), it nevertheless is voidable because the trial court based its decision on the observation that drug traffic is "one of the most difficult and serious problems facing our community and our society today". Thus, defendant concludes the sentence is a product of the trial court's predilictions as to community problems and their solutions and is not a product of the court's evaluations of the defendant as an individual and as required by *People v Lorentzen,* 387 Mich 167, 180; 194 NW2d 827 (1972), and *People v Bullock,* 48 Mich App 700, 705; 211 NW2d 108 (1973). We do not read the record of sentence as that lopsided. We find the trial court considered both defendant's prior good record, his steady employment, his cooperation with law enforcement officials and the interests of protecting society. In imposing sentence, the court may properly consider the nature of the crime itself, *People v Means,* 49 Mich App 570, 572; 212 NW2d 288 (1973), and the interests on the part of society as a whole to be protected, *People v Shively,* 45 Mich App 658, 663; 206 NW2d 808 (1973). Defendant's minimum sentence was one-and-a-half years. Recently this Court in *People v Alexander,* 56 Mich App 400, 405; 223 NW2d 750 (1974), upheld a minimum sentence of two-and-a-half years imposed for the same offense as committed in the instant case.

Remanded to the trial court for the purpose of

---

[5] MCLA 335.341(1)(c); MSA 18.1070(41)(1)(c), provides for a sentence of up to four years or fined $2,000 or both. Penalties for harder drugs are higher.

an evidentiary hearing on the issue of promises of leniency. As to all other issues, the case is affirmed. We do not retain jurisdiction.

R. M. MAHER, J., concurred.

T. M. BURNS, J., *(dissenting)*. I concur with my brothers that this cause should be remanded to the trial court for an evidentiary hearing on the issue of promises of leniency. However, I cannot agree with their position, based upon *People v Serra,* 55 Mich App 514; 223 NW2d 28 (1974), that the removal of the two-ounce presumption rule is only valuable to a defendant that possesses a small amount of marijuana. It is my opinion that the amount of a controlled substance possessed should play no part in determining whether a defendant had a requisite intent to deliver.

The majority states that since a large amount of marijuana was involved in this case, the removal of the two-ounce presumption rule does not benefit this defendant. In doing so, they embrace the proposition that intent to deliver can be permissibly inferred from the quantity involved. In my dissenting opinion in *People v Farris,* 61 Mich App 417; 232 NW2d 723 (1975), I pointed out what I considered to be the "shortcomings" of the *Serra* opinion. There I expressed the view that a defendant cannot be convicted of the charge of possession with intent to deliver by merely showing that he possessed a large amount of a controlled substance. I also pointed out that intent to deliver is an element of this offense which should be proven by the prosecutor just like any other element of any other offense. I still adhere to those views. Since I believe that there is no correlation between the amount of a controlled substance possessed and the requisite intent to deliver, I would hold

that defendant is entitled to withdraw his guilty plea and have the prosecutor attempt to prove him guilty of the charged crime. The mere fact that defendant possessed a large amount of marijuana does not deprive him of the beneficial effects of *Serra's* holding that the two-ounce presumption rule is unconstitutional. Accordingly, I would hold that the trial court erred in denying defendant's motion to withdraw his guilty plea.