### PEOPLE v TOLBERT

Docket No. 58521. Submitted May 4, 1982, at Lansing.—Decided September 9, 1982. Leave to appeal denied, 414 Mich 978.

Charles M. Tolbert pled guilty in Oakland Circuit Court to a charge of breaking prison and was sentenced to a prison term of from one and one-half to five years, Robert L. Templin, J. Defendant appeals. *Held:*

Defendant's plea was not knowingly and voluntarily made since defendant apparently thought that one and one-half years would be the maximum sentence imposed if he would plead guilty. It appears that defendant was not aware of the maximum sentence, as required by the court rules. On remand, the prosecutor should be allowed to present evidence showing that defendant understood one and one-half years to be the highest minimum sentence he would receive rather than the maximum sentence. Absent such proof, defendant should be allowed to withdraw his plea.

Remanded.

R. M. MAHER, P.J., dissented. He would not allow the prosecutor an opportunity to show that when the defendant referred to the maximum sentence to be imposed he really meant the highest minimum. He would reverse.

### OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

A defendant's guilty plea was not knowingly and voluntarily made where the defendant was under the impression that one and one-half years would be the maximum sentence but no agreement had actually been made by which the sentence would be limited to one and one-half years and the defendant was subsequently sentenced to from one and one-half to five years in prison.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 472, 476, 479.
Validity of guilty pleas—Supreme Court cases. 25 L Ed 2d 1025.

DISSENT BY R. M. MAHER, P.J.

2. CRIMINAL LAW — GUILTY PLEAS — SENTENCING.

   *A prosecutor should not be afforded an opportunity to show that when a defendant referred, at the time of the taking of his guilty plea, to the maximum sentence to be imposed he really meant the highest minimum sentence, particularly where the record conclusively demonstrates the involuntariness of the defendant's plea.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Walter S. Schwartz,* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and R. J. SNOW,* JJ.

PER CURIAM. Defendant pled guilty to a charge of breaking prison, MCL 750.193; MSA 28.390. He was sentenced to a prison term of from one and one-half to five years and appeals by right.

At the taking of defendant's plea, the following exchange occurred:

"*The Court:* Yes, 16 it is. The question is, 'Has anybody promised you that you would be treated more leniently if you pled guilty than if you stood trial,' and the answer is 'yes'.

"You want to explain that, Mr. Tolbert?

"*Mr. Tolbert:* Yes, sir, your Honor. My attorney brought to my attention that if I pled guilty to this, with a plea of guilty I was offered a one-and-a-half-year max and in regards to where it's a five-year max. And my understanding to that is therefore, if I pled guilty to it, I'd get a one-and-a-half-year max instead of a five. And that, my interpretation of it was it was being lenient, you know, that's just the way I, you know, I

---

* Circuit judge, sitting on the Court of Appeals by assignment.

was just answering it the way I felt it should be answered, you know.

"*The Court:* That's the only agreement that you're aware of to get you to plead guilty to the charge of breaking prison; is that right?

"*Mr. Tolbert:* Yes, sir."

Defendant claims on appeal that his plea was not knowing and voluntary, since no actual agreement had been entered limiting his sentence to one and one-half years. We agree. On the record, it appears that defendant was not aware of the maximum sentence as required by GCR 1963, 785.7(1)(b). Although we have no doubt that the trial judge thought defendant meant the highest minimum when he said "maximum", we do not know what defendant meant. After defendant told the court he had been promised a one and one-half year maximum sentence in return for his plea, it was incumbent on the prosecutor to object if he thought no such promise had been made. *In re Valle,* 364 Mich 471, 478-479; 110 NW2d 673 (1961). The record suggests that defendant thought an agreement had been reached with the judge, who indicated he had discussed the matter of sentencing in chambers with defense counsel.

This Court has stated:

"[T]he voluntariness of a guilty plea may be called into question where defendant argues that he pled guilty due to unfulfilled promises of leniency. The promised leniency need not have been an assurance by the prosecutor, and an unfulfilled promise or misleading statement by defense counsel can be the basis for setting aside a plea. * * *

"This Court has generally rejected as a basis for reversal off-the-record promises of leniency supported only by defendant's post-conviction allegations. This is particularly true where, as here, defendant has sworn

that no promises other than those on the record were made to him. * * *

"On the other hand, this Court has occasionally remanded to the trial court for a hearing on the alleged promises of leniency. This is particularly true where the record contains some support for the notion that promises of leniency have been made. * * *" *People v Schirle,* 105 Mich App 381, 385; 306 NW2d 520 (1981).

See also *People v Rodriguez,* 61 Mich App 42, 47-49; 232 NW2d 293 (1975), and *People v Rogers,* 55 Mich App 491, 493; 223 NW2d 20 (1974). In this case, the record strongly supports defendant's claim. On remand, the prosecutor should be allowed to present evidence showing that defendant understood one and one-half years to be the *highest minimum* sentence he would receive, rather than the *maximum* sentence. Absent such proof, defendant should be allowed to withdraw his plea.

Remanded.

R. M. MAHER, P.J., *(dissenting).* I respectfully dissent. I see no reason why the prosecution should be afforded an opportunity to show that when the defendant referred to the "maximum" sentence to be imposed, he really meant the "highest minimum". In this case, the record clearly shows that defendant was under the impression that he would receive a maximum sentence of one and one-half years.

In response to an inquiry by the trial court, defendant expressed his belief that in return for pleading guilty, he would receive a maximum sentence of one and one-half years "instead of a five". Moreover, defendant's guilty plea form (see appendix) unequivocally reflects his belief that he had been promised a maximum sentence of one and one-half years.

Rarely will the record so conclusively demonstrate the involuntariness of a defendant's plea. A remand will serve no purpose in this case, as this Court is quite capable of resolving the issue on the basis of the present record.

I would reverse.

## APPENDIX

785.7(2) Has anybody promised you that you would be treated more leniently if you Plead Guilty than if you stood trial? *Yes*

785.7(2) Except for what you have already stated, have any promises of any kind been made to induce this Plea? *Yes—Maximum Sentence 1.5 year*