# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

DEZMEN FAQUA,

        Defendant-Appellant.

UNPUBLISHED
July 27, 2017

No. 331478
Wayne Circuit Court
LC No. 15-006214-01-FC

Before: MARKEY, P.J., and METER and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*).

The central issue in this case was the reliability of the identification of defendant by two young boys who witnessed the murder of their father. Given the developing research concerning the factors relevant to judging the reliability of identifications, a defense counsel's failure to consult an expert in this area can constitute ineffective assistance of counsel. Accordingly, I would remand for a *Ginther*[1] hearing where the trial court, which also acted as the trier-of-fact, can consider whether under the circumstances of this case counsel's performance was deficient and, if so, whether there is a reasonable probability that had defense counsel sought expert assistance the result of the proceeding would have been different. *Strickland v Washington*, 466 US 668, 687, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).

In support of his argument for reversal or remand, defendant has provided the affidavits of two experts each of who avers that they would have been available to testify at defendant's trial and that they would have testified favorably to his defense. The first affidavit is from Colleen M. Seifert, Ph.D., a cognitive psychologist, researcher, and professor at the University of Michigan. She averred that after reviewing the preliminary exam transcript, trial transcripts, and Kids Talk interviews it was her opinion that the children's eyewitness identifications displayed several problematic factors and that each of these factors had been shown in "scientific studies to impair eyewitness accuracy and to affect decision-making by triers of fact." Seifert's affidavit went on to explain in detail the relevant factors that she believed would have decreased the accuracy of the children's identification including, the viewing conditions, the children's age, the rapid decrease in memory over time, relevant post-event factors that could alter their memory,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

and flaws in the identification procedure itself. The second affidavit is from David W. Thompson, Ph.D., a clinical and forensic psychologist with experience in the review of child forensic interviews. He averred that he would have testified about the various factors that increase and decrease the reliability of eyewitness identification and that he would have specifically testified that there were several factors present that decreased the reliability of the children's identifications. Specifically, Thompson pointed to inappropriate Kids Talk forensic interview techniques, inconsistent statements by the children, admissions by the children that some of their prior statements were not truthful, and exposure to post-event information and influences.

The record supports the presence of many of the factors that Seifert and Thompson contend undermine the reliability of the identification. While defense counsel vigorously cross examined both children, certain points made in the affidavits were not addressed, and expert testimony could have served to explain the relevant science to the trier of fact.[2]

I do not suggest that we should reverse defendant's conviction on this record or that a failure to consult an identification expert is necessarily ineffective assistance. However, defendant has alternatively requested that we remand the case for a *Ginther* hearing and in my view has demonstrated the need for one. Accordingly, I would remand the case for such a hearing and retain jurisdiction so that we may review the issue on a proper record.

/s/ Douglas B. Shapiro

---

[2] I have previously summarized in more detail the extent of the scientific evidence in this area and the importance it plays in cases where the sole evidence of a defendant's guilt is eyewitness identification testimony. *People v Blevins*, ___ Mich App ___, ___; 886 NW2d 456, 470-475 (2016) (SHAPIRO, J. dissenting) (Docket No. 315774), slip op at 2-8.