# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 3, 2018

156204 & (52)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ERIC DARNELL GALLOWAY,
      Defendant-Appellant.
_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

SC: 156204
COA: 329480
Oakland CC: 2004-194051-FC

On order of the Court, the application for leave to appeal the June 15, 2017 judgment of the Court of Appeals and the motion for an evidentiary hearing are considered. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals, which did not address the defendant's argument that his trial counsel specifically failed to account for habitual offender enhancement when advising the defendant regarding the applicable minimum guidelines range and that, but for this error, the defendant would have accepted a plea offer with a sentencing agreement and the trial court would have accepted the agreement. We REMAND this case to the Court of Appeals, which, while retaining jurisdiction, shall remand this case to the Oakland Circuit Court to conduct a hearing pursuant to *People v Ginther*, 390 Mich 436 (1973). On remand, the trial court shall determine whether the defendant was denied the effective assistance of trial counsel based on his claim that he would have accepted a plea offer with a sentencing agreement, but for counsel's error, and that the trial court would have accepted the agreement. At the conclusion of the hearing, the trial court shall reconsider the defendant's motion for relief from judgment under the prejudice analysis applicable to claims of ineffective assistance of counsel at the plea stage. See *People v Douglas*, 496 Mich 557 (2014). The trial court shall then forward the record and its findings to the Court of Appeals, which shall resolve the issues presented by the defendant.

We do not retain jurisdiction.

WILDER, J., did not participate because he was on the Court of Appeals panel at an earlier stage of the proceedings.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 3, 2018



d1220

Clerk