PEOPLE v THOMAS

Docket No. 112427. Submitted April 13, 1990, at Detroit. Decided July 3, 1990.

Robert H. Thomas, following a bench trial in Detroit Recorder's Court, Isidore B. Torres, J., was found guilty of possession of less than fifty grams of cocaine and possession of a firearm during the commission of a felony. Defendant appealed to the Court of Appeals and successfully moved for a remand for an evidentiary hearing on his claim of ineffective assistance of counsel at trial. On remand, the trial court found that counsel should have moved for the suppression of evidence on the basis of a lack of probable cause in support of defendant's arrest.

Following remand, the Court of Appeals *held:*

By not seeking the suppression of evidence in the face of a close question on the existence of probable cause for defendant's arrest, counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law such that he made a serious mistake, but for which defendant would have had a reasonably likely chance of acquittal.

Reversed and remanded for a new trial.

CRIMINAL LAW — ASSISTANCE OF COUNSEL.

The standard for determining whether a defendant had effective assistance of counsel in a criminal trial is that defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law, and secondly, counsel must not make a serious mistake but for which the defendant would have had a reasonably likely chance of acquittal.

*Rose Mary C. Robinson,* for defendant on appeal.

Before: SAWYER, P.J., and MICHAEL J. KELLY and R. B. BURNS,* JJ.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

REFERENCES

Am Jur 2d, Criminal Law §§ 984, 985.

Adequacy of defense counsel's representation of criminal client regarding search and seizure issues. 12 ALR4th 318.

PER CURIAM. Following a bench trial, defendant was convicted of possession of less than fifty grams of cocaine, MCL 333.7403(2)(a)(iv); MSA 14.15(7403)(2)(a)(iv), and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). He appeals and we reverse.

Defendant claims he was denied the effective assistance of counsel. On June 6, 1989, this Court granted defendant's motion to remand the case to the trial court for the purpose of conducting a *Ginther* hearing [*People v Ginther,* 390 Mich 436; 212 NW2d 922 (1973)] on this claim. On June 19, 1989, a *Ginther* hearing was held. Defendant's trial attorney, Sequoia DuBose, testified that he did not file any pretrial motions; in particular, he chose not to pursue a motion to suppress evidence obtained through an illegal arrest.

At the preliminary examination, the arresting police officer had testified that, while observing the back of a suspected crack house, he saw four black males exit through the rear door of the house and saw two of the men hand another man, identified as defendant, two handguns. The police officer testified that he circled the block in his scout car, observed the same four men in a vehicle, and stopped the vehicle. However, in later testimony, the officer admitted that he had not seen the four men get into a car, did not know that the four males in the vehicle were the same four men he had seen at the rear of the house before stopping the vehicle, and did not recognize defendant as one of the males he had previously observed until he had stopped the vehicle.

DuBose, who was not present at the preliminary examination, testified at the *Ginther* hearing that his decision not to move to suppress the evidence was based on his review of the transcript of the

preliminary examination, at which the police officer testified at one point that the males that were in the rear of the house were the same males he observed in the vehicle before stopping it, and on an off-the-record discussion he had with the police officer. He felt that it was a legal stop and saw no need to make the motion. However, DuBose admitted the conflict in the testimony and also admitted that it was "a close call" and that maybe he should have made the motion to suppress the evidence.

The trial court found that a motion to suppress the evidence should have been made, and found that it would have granted a motion to suppress the evidence because there was not sufficient probable cause for the officer to stop defendant.[1]

DuBose was placed on notice of the grounds for a motion to suppress by both the conflict in the police officer's testimony at the preliminary examination and by his associate's argument at the preliminary examination as to the lack of probable cause. Thus, DuBose was aware of a problem with the arrest, but failed to act upon that knowledge. We conclude that counsel failed to perform at least as well as a lawyer with ordinary training and skill in the criminal law and that he made a serious mistake but for which defendant would have had a reasonably likely chance of acquittal. *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976). See also *Strickland v Washington,* 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Consequently, defendant did not receive the effective assistance of counsel.

Because of our disposition of this matter, we need not address defendant's other issues.

---

[1] The trial court indicated that counsel had performed his duties in good faith, and this situation did not reflect on his professional recommendation.

Reversed and remanded for a new trial. We do not retain jurisdiction.