# Order

**Michigan Supreme Court**
**Lansing, Michigan**

July 15, 2010

139592 & (14)

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

CHARLES WOMACK,
      Defendant-Appellant.

SC: 139592
COA: 291605
Wayne CC: 06-010757-FC

_____/

By order of February 26, 2010, the defendant's former appellate counsel was directed to file a supplemental brief. On order of the Court, the brief having been received, the application for leave to appeal the August 6, 2009 order of the Court of Appeals is again considered. Pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court, which shall, in accordance with Administrative Order 2003-03, determine whether the defendant is indigent and, if so, appoint counsel to represent the defendant at an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436 (1973). The court shall determine whether the failure to timely seek appellate review on direct appeal was caused by the ineffective assistance of counsel. See *Roe v Flores-Ortega*, 528 US 470; 120 S Ct 1029; 145 L Ed 2d 985 (2000). We note in this regard that counsel was appointed to represent the defendant on direct appeal nearly six months after sentencing, but did not seek a remand from the Court of Appeals in order to pursue the claims of plea withdrawal that he brought later in a motion for relief from judgment. We DIRECT the circuit court to commence the hearing within 56 days of the date of this order. We further ORDER that court to submit a transcript of the hearing along with its findings of fact and conclusions of law to the Clerk of this Court within 28 days of the conclusion of the hearing. Within 21 days after the transcript is filed, the parties may file supplemental briefs with the Clerk of the Supreme Court.

We retain jurisdiction.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 15, 2010

Clerk

y0708