# Order

**Michigan Supreme Court**
**Lansing, Michigan**

April 25, 2014

148038

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

EARL ROBERT KRANZ,
      Defendant-Appellant.

_____/

SC: 148038
COA: 304853
Allegan CC: 10-016625-FC

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

On order of the Court, the application for leave to appeal the September 24, 2013 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals opinion addressing ineffective assistance of counsel as it relates to the presentation of a defense, and we REMAND this case to the Court of Appeals. On remand, while retaining jurisdiction, the Court of Appeals shall remand this case to the Allegan Circuit Court for further findings. The trial court failed to complete its duties under the April 12, 2012 order of the Court of Appeals, which remanded for a hearing under *People v Ginther*, 390 Mich 436 (1973), because it did not determine whether the evidence that it considered in finding ineffective assistance by trial counsel was admissible. Where a claim of ineffective assistance of counsel is based on the failure of counsel to produce evidence at trial, there is no reasonable likelihood of a different outcome unless the evidence is admissible. Independent of any question regarding the documents' admissibility, the trial court may also consider whether it would have permitted further cross-examination of witnesses if counsel had provided the documents produced at the hearing as a foundation for his questions, and, if so, whether that line of questioning would have created a reasonable probability of a different outcome under *People v Armstrong*, 490 Mich 281 (2011). The trial court shall make findings of fact and legal determinations on the record, but shall not grant or deny a motion for a new trial. After the circuit court has made its findings, it shall forward the record to the Court of Appeals, which may permit supplemental briefing by the parties. Thereafter, the Court of Appeals shall review the trial court's findings and determinations under the standards set forth in *Armstrong* and reconsider whether the defendant is entitled to a new trial. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

April 25, 2014



p0422

Clerk