# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 21, 2014

147410 & (21)

Robert P. Young, Jr.,
Chief Justice

Michael F. Cavanagh
Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellee,

v

        SC: 147410
        COA: 311625
        Wayne CC: 99-005393-FC

JUSTLY ERNEST JOHNSON,
        Defendant-Appellant.

_____/

By order of June 18, 2014, the prosecuting attorney was directed to answer the application for leave to appeal the May 30, 2013 order of the Court of Appeals. On order of the Court, the answer having been received, the application for leave to appeal is again considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Court of Appeals for consideration, as on leave granted, of the following issues: (1) whether trial counsel rendered constitutionally ineffective assistance by failing to call Charmous Skinner, Jr., as a witness at trial; (2) whether the defendant is entitled to a new trial on grounds of newly discovered evidence in light of the proposed evidence related to Charmous Skinner, Jr., as an eyewitness to the homicide; (3) whether appellate counsel rendered constitutionally ineffective assistance by failing to raise these two issues on direct appeal; and (4) if the court determines that the defendant is not entitled to relief, but that the defendant in *People v Kendrick Scott* (Docket No. 148324) is entitled to relief, the Court of Appeals shall determine whether the defendant would have been entitled to relief but for MCR 6.508(D)(2), and, if so, whether, in the court's judgment, the denial of such relief in that circumstance violates the defendant's constitutional right to due process under either the federal or state constitutions.

On remand, while retaining jurisdiction, the Court of Appeals shall remand this case to the Wayne Circuit Court to conduct an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436 (1973), to determine whether the defendant was deprived of his right to the effective assistance of counsel and whether the defendant is entitled to a new trial based on newly discovered evidence. At the conclusion of the hearing, the circuit

court shall forward the record and its findings to the Court of Appeals, which shall then resolve the issues presented by the defendant. We note that similar issues and evidence are presented in *People v Kendrick Scott* (Docket No. 148324), which we remanded to the Court of Appeals for consideration as on leave granted by order dated November 21, 2014. In all other respects, leave to appeal is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).

MCCORMACK, J. not participating because of her prior involvement in this case as counsel for a party.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 21, 2014



Clerk

h1118