# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TIMOTHY ISIAH MCBRIDE,

Defendant-Appellant.

UNPUBLISHED
May 19, 2015

No. 318685
Calhoun Circuit Court
LC No. 2013-001805-FH

Before: BOONSTRA, P.J., and SAAD and MURRAY, JJ.

PER CURIAM.

Defendant appeals his jury trial conviction of receiving or concealing stolen property in violation of MCL 750.535(3)(a). For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

In April 2013, defendant's ex-girlfriend contacted the police, and told them that she believed defendant had broken into her home and stolen numerous items, including a large television, DVD player, school-owned laptop computer, her purse, and approximately $1,900 in cash. The police found defendant at the home of his new girlfriend, in whose basement they discovered a TV and laptop that matched the descriptions of the TV and laptop defendant's ex-girlfriend reported stolen.[1] Defendant also had approximately $1,900 in cash on his person, and claimed the money belonged to him.

The prosecution charged defendant with violating MCL 750.535(3)(a), which criminalizes the possession of stolen items with a value of $1,000 or more, but less than $20,000, and the Calhoun Circuit Court empanelled a jury to hear the case. At trial, defendant testified that he did not know the property found at his current girlfriend's home was stolen, and that he received approximately $1,900 from a student loan check that he had cashed prior to his arrest. The jury clearly did not believe defendant's testimony, as it found him guilty of the charged offense.

---

[1] Specifically, the TV found in defendant's girlfriend's house had the same serial number as the TV defendant's ex-girlfriend reported stolen.

-1-

After the jury convicted him, defendant filed a motion for a new trial and a *Ginther*[2] hearing. Defendant said his trial counsel gave him ineffective assistance because counsel did not present his credit union records to corroborate his claim that he cashed a check for approximately $1,900 a few days before his arrest. The trial court denied his motion, and explained that, if his attorney's failure to present the credit union records constituted deficient performance, the outcome of the trial would not have been different had his attorney presented the credit union records.

On appeal, defendant says that the trial court erred when it denied his motion for a new trial, because trial counsel gave him ineffective assistance when he did not: (1) present defendant's credit union records; and (2) point out supposed inconsistencies in the victim's testimony regarding the $1,900 allegedly stolen from her home.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for a new trial is reviewed for an abuse of discretion. *People v Jones*, 236 Mich App 396, 404; 600 NW2d 652 (1999). A trial court abuses its discretion when it chooses a result outside the range of principled outcomes. *People v Blackston*, 481 Mich 451, 460; 751 NW2d 408 (2008).

Whether defendant has been denied effective assistance of counsel is a mixed question of fact and constitutional law. *People v Lane*, 308 Mich App 38, at *13; ___ NW2d ___ (2014). On this issue, the trial court's findings of fact are reviewed for clear error, while its conclusions of law are reviewed de novo. *Id*.

## III. ANALYSIS

A criminal defendant is entitled to effective assistance of counsel. *People v Vaughn*, 491 Mich 642, 669; 821 NW2d 288 (2012). To establish ineffective assistance of counsel, a defendant must show that: (1) "counsel's representation fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*., quoting *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "Defense counsel should be strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Vaughn*, 491 Mich at 670 (citation omitted).

Here, defendant unconvincingly claims that trial counsel gave him ineffective assistance when he did not: (1) present defendant's credit union records; and (2) point out supposed inconsistencies in the victim's testimony regarding the $1,900 allegedly stolen from her home.

Preliminarily, we note that defendant's assertion that his trial counsel's performance fell below an "objective standard of reasonableness" is dubious. *Vaughn*, 491 Mich at 669. The jury heard defendant's argument that the approximately $1,900 found on his person represented

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

proceeds of a student loan check that he cashed a few days prior to his arrest. Defendant so testified and trial counsel made this argument in his opening and closing statements. Though the credit union records might have supported defendant's contentions, they do not constitute a new theory of defendant's innocence that the jury did not have an opportunity to assess.

The jury obviously did not believe defendant's assertions regarding the approximately $1,900 found on his person. The jury's incredulity on this matter is understandable, because the evidence of defendant's guilt was overwhelming. Again, the police found defendant in possession of (1) the approximate amount of money his girlfriend reported stolen[3] and (2) numerous items that matched the description of items she told the police were taken from her home. In the face of such evidence, it is not "reasonably probable" that the result of defendant's trial would have been different had his attorney made use of the credit union records. *Vaughn*, 491 Mich at 669.

The same is true of trial counsel's supposed failure to point out alleged inconsistencies in the testimony of defendant's ex-girlfriend. Specifically, defendant claims that his attorney should have asked his ex-girlfriend about how she could possess approximately $1,900 in cash when she lived in a home with a defective door and rented her furniture. Given that the record did not contain any specifics of the ex-girlfriend's financial situation, it was not "objectively unreasonable" for trial counsel to avoid this dubious line of questioning.

Likewise, it is not "reasonably probable" that the result of defendant's trial would have been different had defendant's trial lawyer asked defendant's ex-girlfriend about her financial situation. Defendant's ex-girlfriend testified that the approximately $1,900 stolen from her came from a check, which she had recently cashed. The jury was entitled to believe her testimony. *People v Bulls*, 262 Mich App 618, 623–624; 687 NW2d 159 (2004). And, to repeat, the jury heard overwhelming evidence of defendant's guilt, in the form of the items found in his possession upon his arrest—something which trial counsel's questioning of the ex-girlfriend's financial situation would have done nothing to disprove.

Accordingly, the trial court properly denied defendant's motion for a new trial.

Affirmed.

/s/ Mark T. Boonstra
/s/ Henry William Saad
/s/ Christopher M. Murray

---

[3] Defendant unavailingly insinuates that his ex-girlfriend knew that he had cashed a student loan check for roughly $1,900, and falsely told the police that approximately $1,900 in cash was stolen from her apartment so that she could take defendant's money. There is no evidence in the record to support defendant's assertions. And, this insinuation does nothing to disprove that defendant stole her other possessions.