# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 3, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

150861

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                 SC:  150861
                                 COA:  317594
                                 Wayne CC:  12-003666-FC

CHANTON LEWIN BLACKSHIRE,
      Defendant-Appellant.

_____/

      On order of the Court, the application for leave to appeal the December 9, 2014 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment holding that trial counsel made a strategic decision to allow the Wayne Circuit Court to instruct jurors on the lesser offense of unlawfully driving away an automobile. Trial counsel mentioned the lesser offense during her closing argument in the course of arguing that the prosecutor failed to prove the charged offense of carjacking.  The record suggests that trial counsel was actually opposed to the instruction on the lesser offense. We REMAND this case to the trial court for an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436 (1973).  The trial court shall determine whether trial counsel made a deliberate and sound strategic decision to allow jurors to consider the lesser offense of unlawfully driving away an automobile or whether counsel was ineffective for failing to argue that the instruction on the lesser offense was barred by *People v Cornell,* 466 Mich 335 (2002).  We further ORDER the trial court, in accordance with Administrative Order 2003-03, to determine whether the defendant is indigent and, if so, to appoint counsel to represent the defendant at the evidentiary hearing.  In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

      We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 3, 2015



Clerk

s0527t