# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

EDWARD LEE DICKERSON,

      Defendant-Appellant.

UNPUBLISHED
March 15, 2016

No. 324055
Wayne Circuit Court
LC No. 14-003325-FC

Before: M. J. KELLY, P.J., and CAVANAGH and SHAPIRO, JJ.

SHAPIRO, J. (*dissenting*)

      I agree with my colleagues that if defendant's convictions are affirmed, the case should be remanded for a *Crosby*[1] proceeding. However, rather than affirm defendant's convictions, I would remand the case for a *Ginther*[2] hearing and retain jurisdiction. The trial court, acting as finder of fact, was properly puzzled as to motive. While motive is not an element of the charged offenses, it is relevant, and in this case, as noted by the trial court, it appears to have been wholly absent. Defendant is a 39-year-old man without an assaultive history and without an apparent reason to seek to harm the victims. The prosecutor suggested that the shooting may have been an attempt to obtain vengeance for the home invasion recently committed by the victims, but the trial court concluded that defendant had no connection to that home invasion. Given the statements in the police report made by one of the victims that he had been in a gang and had previously been attacked by members of a different gang, I would remand the case to determine whether counsel's failure to investigate that fact and to offer evidence about it at trial was strategic or in error. If the court determined that it was in error, then the court would have to determine whether the error would have made a difference in the outcome. As the trial court was the finder of fact, we need not speculate about the significance of such evidence in the outcome of the case; a far more reliable answer can be obtained from the trial judge after she hears the relevant testimony. Although our Court previously denied defendant's motion for remand for such a hearing, after reviewing the full record—which was not available to the motion panel—I

---

[1] *United States v Crosby*, 397 F3d 103 (CA 2, 2005).

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

-1-

conclude that it would be prudent and proper for such a hearing to be conducted before we render our decision.


/s/ Douglas B. Shapiro