# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JASON MICHAEL MILES,

      Defendant-Appellant.

UNPUBLISHED
July 17, 2018

No. 335731
Oakland Circuit Court
LC No. 2016-258387-FC

Before: SWARTZLE, P.J., and SHAPIRO and BOONSTRA, JJ.

SHAPIRO, J. (*dissenting*).

I respectfully dissent because we cannot properly rule on defendant's claim of ineffective assistance of counsel without a *Ginther*[1] hearing. I would remand for such a hearing and retain jurisdiction so that we can rule on defendant's appeal based upon an adequate record.

This was an unusual case. Defendant was charged with multiple counts of criminal sexual conduct based on alleged sexual abuse of the complainant while she was between six to nine years old, when defendant was married to her mother. The complainant, age 16 at the time of trial, testified that during those years, defendant touched her private parts every morning and every evening in the house in which they resided, i.e. nearly every day for those three years.

Complainant testified that the first time she reported this abuse was six years after it ended, when she was in junior high school. She explained that she went to see a therapist, Karen Schulte, for treatment and in response to Schulte's inquiry, she revealed that defendant had sexually abused her. This revelation triggered the report to the police and defendant's arrest. Complainant testified that she had suppressed the memory of this abuse for at least six years, and that it came back to her when she started hearing the word, "molestation" used in conversation and looked up its meaning.

---

[1] *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

-1-

Complainant's testimony was the primary, if not sole, evidence against defendant. There was no forensic evidence nor evidence of injury. There were no other witnesses and complainant did not tell anyone about the abuse prior to meeting with Schulte.

Defendant asserts that his trial counsel made several fundamental errors that denied him a fair trial. I would conclude that each of these claims of error cannot be properly reviewed without a *Ginther* hearing. *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973).

The first claimed error is the failure to have sought out and retained an expert on the nature of memory formation and recovery. Given that the case against defendant rested largely on what is termed "recovered memory," an expert on the reliability of that phenomenon would have been highly relevant and potentially of substantial weight. See *People v Blevins*, 314 Mich App 339, 363-384; 886 NW2d 456 (2016) (SHAPIRO, J, dissenting) (discussion of the state of the forensic literature regarding memory). The prosecution argues that defense counsel did seek out such an expert but that the expert was not supportive. Defendant argues that defense counsel's contact with this expert concerned only the manner in which the forensic interview of the complainant was conducted, and that the question of memory formation and retrieval was not discussed. Without an evidentiary hearing, it is impossible to know what the expert was actually contacted about and what occurred thereafter. To demonstrate prejudice, plaintiff has submitted an affidavit from Dr. Katherine Jacobs, a forensic psychologist with expertise in memory. The affidavit appears comprehensive and credible and in it, Dr. Jacobs indicates that she was willing and available to testify.

Defendant also asserts that his trial counsel was ineffective because counsel played to the jury, an unedited recording of a police interview in which he twice asked to see an attorney and then called a halt to the interview. The prosecution argues that defense counsel's decision to show the videotape was a reasonable attempt to rebut police testimony about the defendant's demeanor during the interview. However, the challenge to trial counsel's action is not based on his decision to show the video; rather, the challenged action is counsel's failure to request that the video be edited so that the jury would not hear his request for counsel or demand that the interview end. The reasons for counsel's decision are not apparent on the record. Moreover, the failure to redact the challenged excerpts may have substantially affected the jury's decision, particularly in light of the prosecution's reliance on this testimony during closing arguments. The prosecutor argued:

> If you're in an interview room with a detective investigating sexual-assault charges, are you going to act the way he did? No, Ladies and Gentlemen, you're not. You're going to say, No, it didn't happen. You're going to try to get facts. The first thing he did was say I don't—I think I need an attorney; I think I need an attorney. And he ended the interview.

The prosecutor again emphasized defendant's request for an attorney at other points during closing argument. He told the jury: "Twice. Twice he said [that he wanted to] talk to an attorney, Ladies and Gentlemen. And the interview was ended because of him." The prosecutor also stated: "He didn't say anything an innocent person would say when confronted with these allegations during that interview. And I suggest, again, that you watch [the video] again." While the failure to seek the redaction of defendant's request for counsel and ending of the interview

appears on its face to have been ineffective, a final determination can only be made after hearing the relevant testimony at a *Ginther* hearing.

Defendant's third basis for his ineffectiveness claim is that counsel did not file a *Stanaway*[2] motion to request an in-camera inspection of complainant's therapy. Defense counsel's failure to request a *Stanaway* review is difficult to understand in the context of this case. MCR 6.201(C)(1) provides in relevant part that "there is no right to discover information or evidence that is protected from disclosure by constitution, statute, or privilege[.]" However, "[i]f a defendant demonstrates a good-faith belief, grounded in articulable fact, that there is a reasonable probability that records protected by privilege are likely to contain material information necessary to the defense, the trial court shall conduct an in camera inspection of the records." MCR 6.201(C)(2). In the instant case, defendant asserts that despite repeated requests to trial counsel to seek review of the complainant's therapy records, counsel failed to do so. There was testimony that the complainant had seen two therapists before she disclosed the sexual abuse to Schulte. Because a *Ginther* hearing was not conducted, we are unable to ascertain counsel's reason for failing to request the record and whether such a request was likely to have affected the outcome of the trial.

Each of these claims of errors by trial counsel justifies a remand for a *Ginther* hearing. At a minimum, we must remand because "the cumulative effect of counsel's errors may warrant reversal where individual errors would not." *People v Unger*, 278 Mich App 210, 258; 749 NW2d 272 (2008) (quotation marks and citation omitted).

Accordingly, I respectfully dissent.

/s/ Douglas B. Shapiro

---

[2] *People v Stanaway*, 446 Mich 643; 521 NW2d 557 (1994).