*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
March 7, 2019

v

LARRY JAMES BAILEY,

Defendant-Appellant.

No. 338351
Macomb Circuit Court
LC No. 2016-002492-FH

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1), and second-degree criminal sexual conduct, MCL 750.520c(2)(b), with respect to his ex-girlfriend's daughter. Defendant appeals, arguing that he received ineffective assistance of counsel when his counsel introduced a transcript of the child's forensic interview into evidence. For the reasons stated below, we remand for a *Ginther*[1] hearing.

## I. BACKGROUND

Defendant and Sierra Johnson had an on-and-off again relationship from 2013 through 2015. It was a tumultuous relationship that included abuse and infidelity. During one of the couple's many breakups, defendant married another woman, but defendant and Johnson subsequently reunited. The couple continued having problems, including arguments about defendant divorcing his wife so that he and Johnson could marry. The couple's final breakup was on December 16, 2015.

The instant allegations arose about six days later. Johnson's then seven-year-old daughter, LJ, was staying with her grandmother, Tanya Brill. Brill testified at trial that she asked

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

LJ why she had been acting differently. LJ eventually disclosed to her grandmother that she did not like defendant because he was "a child molester." LJ told her grandmother that defendant sexually abused her. The police were notified, and LJ underwent a sexual assault examination at the hospital.[2] She later participated in a forensic interview with the Macomb County Child Advocacy Center (CARE House).

Defendant was charged with sexually assaulting LJ in her home on two occasions between June 1, 2014, and December 16, 2015, while he was babysitting her. At trial, LJ testified that on one occasion, defendant sat next to her on the living room couch and touched her vagina, over her clothing, with his hand. She testified that on another occasion, defendant told her to go into her mother's bedroom, take off her clothes, and not tell anyone. According to LJ, defendant unsuccessfully attempted to penetrate her anus with his penis.

In addition to LJ, the prosecution called Johnson, Brill, the sexual assault nurse examiner (SANE), and the forensic interviewer as witnesses. In her testimony, Brill recounted what LJ said when making her initial disclosure. Heather Solomon testified that she conducted a forensic interview of LJ at CARE House on January 7, 2016. Solomon testified, without objection, that LJ's statements during the interview were "consistent with the allegations" Solomon was given before the interview and that LJ specifically named defendant as her abuser.

During cross-examination, counsel questioned Solomon about how the interview was transcribed. In response to his questions, Solomon acknowledged the possibility that staff members transcribing the interview made errors. Counsel then moved to admit the interview transcript into evidence. The prosecutor objected on hearsay grounds, but then withdrew her objection and the court admitted the transcript. Defense counsel continued to question Solomon about the transcript and, in closing arguments, was critical of the way in which it was recorded. The prosecutor encouraged the jury to read the transcript during deliberations, and the jury requested the exhibits shortly after deliberations began.

Defendant maintained his innocence throughout. The defense denied that defendant assaulted LJ in any way, and argued that LJ falsely accused defendant as an act of retaliation orchestrated by her mother, who was upset that defendant had left her and returned to his wife.

II. ANALYSIS

Defendant argues that defense counsel's decision to introduce the forensic interview transcript into evidence violated his constitutional right to effective assistance of counsel. We conclude that remand for a *Ginther* hearing is warranted.

To establish a claim of ineffective assistance of counsel, defendant must demonstrate that defense counsel's performance fell below an objective standard of professional reasonableness, and that, in the absence of counsel's unprofessional errors, there is a reasonable probability that

---

[2] The examination did not reveal any physical indication of sexual abuse.

the outcome of the proceedings would have been different. *People v Grant*, 470 Mich 477, 485-486; 684 NW2d 686 (2004).

Hearsay is an out-of-court statement that is "offered in evidence to prove the truth of the matter asserted." MRE 801(c). It is axiomatic that unless an exception applies, hearsay is inadmissible. MRE 802; *People v Musser*, 494 Mich 337, 350; 835 NW2d 319 (2013). The Michigan Rules of Evidence provide a specific hearsay exception, MRE 803A, allowing admission of "a child's statement regarding sexual assault in certain circumstances." *People v Gursky*, 486 Mich 596, 586; 786 NW2d 579 (2010). Notably, this exception is limited to only the child's first "corroborative statement about the incident . . . ." MRE 803A. Thus, in *People v Douglas*, 496 Mich 557, 575; 852 NW2d 587 (2014), the Supreme Court held that a child's statements during a forensic interview, whether recounted by the interviewer or recorded by video, were inadmissible when the child had previously disclosed the allegations. As the Court stated, "To conclude otherwise would contravene MRE 803A's express preference for first corroborative statements, and the rationale underlying it," which recognizes that "[a]s time goes on, a child's perceptions become more and more influenced by the reactions of the adults with whom the child speaks."[3] *Id.* at 577 (quotation and citation omitted; alteration in original).

In this case, both Solomon's testimony and the transcript of the interview recounted out-of-court hearsay statements by LJ. These statements, however, were not LJ's first corroborative statement—the first was her disclosure to Brill, her grandmother. Her statements during the CARE House interview whether recounted by Solomon or contained in the transcript, do not fall within MRE 803A and so are inadmissible hearsay.

Whether or not counsel's decision not to object to Solomon's hearsay testimony and to admit the transcript constituted ineffective assistance of counsel requires consideration of counsel's strategy and alternatives. While we generally defer to a counsel's strategic decision, "a court cannot insulate the review of counsel's performance by calling it trial strategy; counsel's strategy must be sound, and the decisions as to it objectively reasonable." *People v Ackley*, 497 Mich 381, 388-389; 870 NW2d 858 (2015) (quotation marks and citations omitted). The basis for counsel's decisions regarding Solomon's testimony and the transcript of the interview are not provided in the record and so we cannot evaluate whether or not those decisions constituted reasonable professional judgment given the facts of the case and counsel's strategy and options. Accordingly, we remand the matter to the trial court for a *Ginther* hearing to determine whether defense counsel's failure to object to the hearsay testimony and his admission of the transcript constituted ineffective assistance of counsel and, if so, whether exclusion of the hearsay would have resulted in a reasonable probability of a different outcome at trial. *Grant*, 470 Mich at 486.

---

[3] *Douglas* also rejected admission of such statements under the residual exception to hearsay, reasoning that "MRE 803(24)'s residual exception cannot be used to 'swallow' MRE 803A's categorical one in this fashion." *Douglas*, 496 Mich at 577.

Remanded for proceedings consistent with this opinion.  We retain jurisdiction.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola

# Court of Appeals, State of Michigan
## ORDER

People of Michigan v Larry James Bailey

Docket No. 338351

LC No. 2016-002492 FH

Jonathan Tukel
Presiding Judge

Douglas B. Shapiro

Michael F. Gadola
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED to the trial court for an evidentiary hearing and decision whether defendant was denied the effective assistance of counsel. *People v Ginther*, 390 Mich 436 (1993). This Court retains jurisdiction.

Appellant is responsible for initiating the proceedings on remand. The parties shall promptly file with this Court a copy of all papers filed on remand. Within 14 days after entry, appellant shall file with this Court copies of all orders entered on remand. The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

The trial court shall hear and decide the matter within 56 days of the date of this order and shall make an appropriate determination on the record.

/s/ Jonathan Tukel

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

March 7, 2019
Date

Chief Clerk