# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 26, 2019

156444 & (34)(35)(40)(46)(51)
(52)(58)(62)

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

SHOKELLE REON McKAY,
       Defendant-Appellant.

_____/

SC: 156444
COA: 337715
Wayne CC: 11-010003-FC

By order of March 5, 2019, former appellate attorneys were directed to file supplemental briefs. On order of the Court, the briefs having been received, the application for leave to appeal the July 21, 2017 order of the Court of Appeals is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we REMAND this case to the Wayne Circuit Court, which shall, in accordance with Administrative Order 2003-03, determine whether the defendant is indigent and, if so, appoint counsel to represent the defendant at an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436 (1973), to determine whether the failure to timely seek appellate review was caused by the ineffective assistance of counsel. See *Roe v Flores-Ortega*, 528 US 470 (2000). In making this determination, the circuit court shall consider whether "the defendant . . . filed a delayed request for the appointment of counsel pursuant to MCR 6.425(G)(1) within the 6-month period," MCR 7.205(G)(4)(a) – such that MCR 7.205(G)(4), as in force at the time of the defendant's appeal, applies to this case. If the court rule does apply, the circuit court shall consider the impact, if any, of the court rule on the determination of whether the defendant's former appellate attorneys were ineffective.

If the circuit court determines that one or both of the former appellate attorneys were ineffective, the defendant, with the assistance of counsel, may file an application for leave to appeal his convictions and sentences in the Court of Appeals under the standard for direct appeals, and/or any appropriate post-conviction motions in the circuit court, within six months of the date of the circuit court's ruling. The defendant may include

among the issues raised, but is not required to include, the issues that were raised in the motion for relief from judgment that was filed in 2015.

Accordingly, the motion to remand and motion for an evidentiary hearing are GRANTED in part to the extent consistent with this order. The motions to supplement are also GRANTED. The motions for peremptory reversal, motion for bond pending appeal, motions to strike the attorneys' responses, and motion for miscellaneous relief are DENIED.

We do not retain jurisdiction.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 26, 2019



Clerk

a0625