# Order

Michigan Supreme Court
Lansing, Michigan

January 31, 2020

159858

PEOPLE OF THE STATE OF MICHIGAN,
       Plaintiff-Appellee,

v

SARANTAY DEVON HOUSTON,
       Defendant-Appellant.

_____/

SC: 159858
COA: 339254
Wayne CC: 16-008127-FH

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

On order of the Court, the application for leave to appeal the May 7, 2019 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE Part II.B. of the judgment of the Court of Appeals addressing tool mark identification evidence, and REMAND this case to the Wayne Circuit Court for an evidentiary hearing pursuant to *People v Ginther*, 390 Mich 436 (1973). Contrary to the statement by the Court of Appeals in this case, the defendant's trial counsel was not required to choose between an alibi defense and challenging the expert testimony on firearms and ballistics, as challenging the prosecution's expert would not have undermined the defendant's alibi defense. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

We do not retain jurisdiction.

MARKMAN, J. (*dissenting*).

I respectfully dissent. A jury convicted defendant of assault with intent to commit great bodily harm, being a felon in possession of a firearm, carrying a concealed weapon, and possessing a firearm during the commission of a felony. Evidence supporting the verdict included the victim's identification of defendant as the shooter and testimony from a ballistics expert matching shell casings recovered from the scene to a firearm retrieved from a house frequented by defendant. Defense counsel presented five alibi witnesses who placed defendant at a birthday party at the time of the shooting. Defense counsel, however, did not challenge the ballistics expert's testimony. The Court of Appeals affirmed defendant's convictions, in part rejecting defendant's argument that counsel performed deficiently by not challenging the ballistics expert. This Court vacates that portion of the judgment of the Court of Appeals, with this Court stating that "challenging the prosecution's expert would not have undermined the defendant's alibi defense."

To obtain a new trial based on a claim of ineffective assistance of counsel, "defendant must show that (1) counsel's performance fell below an objective standard of

reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51 (2012). "In examining whether defense counsel's performance fell below an objective standard of reasonableness, a defendant must overcome the *strong presumption* that counsel's performance was born from a sound trial strategy." *Id.* at 52 (emphasis added). This Court reaches its conclusion that a challenge to the ballistics expert would not have undermined defendant's alibi defense without (a) first permitting an evidentiary hearing at which counsel could testify regarding any strategic reasons for not challenging the expert, and (b) according due deference to the presumption that counsel acted in pursuit of a sound trial strategy. However, I can think of at least three potentially sound reasons for counsel's decision not to have challenged the expert's testimony.

First, counsel may have concluded that challenging the expert through cross-examination would have proven fruitless or even potentially harmful to defendant's case. While some literature draws into question the reliability of ballistics-comparison methodology, an experienced expert in ballistics would likely be familiar with this literature and prepared to refute the contentions in the literature. Thus, the expert's answers on cross-examination might well have undermined counsel's efforts to draw into question the direct testimony and could even have strengthened the authority of the expert's opinion. As the law school adage goes, an attorney should not ask a witness a question if the attorney does not know the witness's answer.[1]

Second, assuming for the sake of argument that the literature relied upon by defendant on appeal accurately reflects the validity of ballistics-comparison evidence, reflects the validity of ballistics-comparison evidence, the views of scholars and the views of the public are not necessarily one and the same. Specifically, in the "Crime Scene Investigation" age, counsel could reasonably have concluded that a jury would be

---

[1] Defendant also faults counsel for not having called his own ballistics expert. However, defendant fails to put forth evidence showing what favorable testimony such an expert would have provided. See *People v Carbin*, 463 Mich 590, 600 (2001) ("Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim."). Rather, the expert that defendant contends counsel should have called to testify, Steven Howard, is yet to have even reviewed the prosecutor's expert's report or the evidence supporting that report. Furthermore, while defendant may attribute this deficiency in his claim to the trial court not having allocated him $1,500 to retain Mr. Howard, defendant's application for leave to appeal in this Court does not challenge that decision by the trial court.

highly inclined to believe the ballistics expert's testimony despite potential flaws in the methodology supporting that testimony. And counsel may have worried further that an unsuccessful challenge to the ballistics expert's testimony would have (a) given the impression to the jury that defendant was advancing a scattershot defense rather than a defense focused upon the alibi testimony, and (b) compromised defense counsel's credibility in presenting that alibi defense.

Third, and most importantly, while challenging the ballistics expert's testimony might have undermined one of the prosecutor's pieces of evidence, it would not have refuted the victim's positive identification of defendant as the shooter. Rather, it would have suggested that defendant had employed a different firearm to shoot the victim. But if the jury believed the five alibi witnesses, the ballistics report might have actually helped defendant undermine the victim's identification. Notably, defendant's fingerprints were not recovered from the firearm. And while some papers and pictures linked defendant to the house from which the police had recovered the firearm, defendant's cousin lived in the house. Thus, counsel might have hoped that the jury would draw the inference that the victim had misidentified defendant for defendant's cousin-- a cousin who bore a closer connection to the house than did defendant.

In light then of the "strong presumption" that counsel acted in accordance with a sound trial strategy and the three easily conceivable reasons for counsel not having challenged the ballistics expert, this Court has prematurely concluded that "challenging the prosecution's expert would not have undermined the defendant's alibi defense."





I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 31, 2020

Clerk

a0128