*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RASHEENA LADAWN TAYLOR,

        Defendant-Appellant.

UNPUBLISHED
August 18, 2022

No. 357652
Wayne Circuit Court
LC No. 20-004664-01-FH

Before: GADOLA, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendant was convicted after a bench trial of assault with a dangerous weapon (felonious assault), MCL 750.82, and was sentenced to two years' probation. Defendant appeals as of right, and we affirm.

## I. FACTS

On June 20, 2020, Toni Ector and her five-year old daughter were driving home from the mall. During the drive, Ector's daughter attempted to call her father from Ector's cell phone about three to four times to tell him about a Father's Day gift she had bought for him. After those attempts, Ector received text messages and calls from an unknown number. Ector responded to the text messages and eventually answered the calls.

Upon answering, Ector discovered that defendant was contacting her through the unknown number.[1] Ector and defendant argued on the phone, and the conversation escalated to each insulting the other. According to Ector, defendant told Ector that she would kill her. Eventually, Ector blocked defendant's phone number because defendant continued to call her as she was driving home with her daughter.

---

[1] Defendant and Ector have some mutual friends. Also, at the time of trial, defendant was in a relationship with the father of Ector's daughter.

After Ector returned home, Ector walked to the front window and began opening the blinds. While doing this, Ector saw a vehicle pull in front of her house and begin to blow its horn. As Ector opened the door, she saw defendant pointing a gun at her. Defendant and Ector continued to argue and trade insults as defendant sat in her vehicle and Ector stood in her doorway. At that point, Ector's daughter walked up to Ector and defendant again pointed the gun at Ector and her daughter. Defendant commented again that she should kill Ector. The incident then drew the attention of Ector's neighbors, which caused defendant to leave the area.

Defendant was charged with felonious assault, and elected to waive her right to trial by jury. Following a bench trial, the trial court convicted defendant of felonious assault, and sentenced her to two years' probation. Defendant now appeals to this Court.

## II. ANALYSIS

### A. RELEVANT EVIDENCE

Defendant argues that she was denied the right to a fair trial because the prosecution elicited irrelevant testimony that defendant had a concealed pistol license (CPL). We disagree.

"To preserve an evidentiary issue for review, a party opposing the admission of evidence must object at trial and specify the same ground for objection that it asserts on appeal." *People v Thorpe*, 504 Mich 230, 252; 934 NW2d 693 (2019). In this case, defense counsel failed to object at trial to testimony introducing defendant's CPL. Accordingly, this issue is not preserved.

We review unpreserved issues for plain error affecting substantial rights. *People v Seals*, 285 Mich App 1, 4; 776 NW2d 314 (2009). In such circumstances, a defendant in a criminal appeal must show that error occurred, "the error was plain, i.e., clear or obvious," and that the plain error affected his or her substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when plain error resulted in the conviction of an actually innocent defendant or seriously affected the fairness, integrity, or public reputation of judicial proceedings." *People v Callon*, 256 Mich App 312, 329; 662 NW2d 501 (2003).

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. "Relevant evidence is admissible; irrelevant evidence is not." *People v Dixon-Bey*, 321 Mich App 490, 512; 909 NW2d 458 (2017), citing MRE 402. "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." MRE 403. Stated differently, MRE 403 "prohibits evidence that is *unfairly* prejudicial." *Dixon-Bey*, 321 Mich App at 513. "[E]vidence is unfairly prejudicial when there exists a danger that marginally probative evidence might be given undue weight by the jury." *Id*.

Here, in the following exchange, the prosecution questioned Detective Glen Heaney of the Harper Woods Police Department about the background check he ran on defendant:

> *Q.* In addition to running the criminal history, do you do any other sort of background check when you are submitting a warrant request to the prosecutor's office?

*A.* Well, because there was a firearm involved we usually run to see -- we usually run to see if the Defendant, uh, is a CPL holder or has a license to carry a firearm and if --

* * *

*Q.* Okay. And were you able to run [defendant's] name to determine whether or not she had a concealed pistol license?

*A.* I did, and she did have a license to carry.

Because the felonious assault charge required a finding that defendant's assault of Ector was carried out "with a dangerous weapon," *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999), a relevant fact was whether defendant possessed a gun at the time of the assault. Detective Heaney's testimony that defendant possessed a CPL made it more likely that she had access to a gun at the time she pulled in front of Ector's house, sat in her vehicle, and confronted Ector. Therefore, we conclude that defendant was not denied the right to a fair trial because Detective Heaney's testimony about defendant's CPL license was relevant to whether she assaulted Ector with a dangerous weapon.[2]

## B. INEFFECTIVE ASSISTANCE OF COUNSEL

Alternatively, defendant contends that defense counsel was ineffective for failing to object to the admission of Detective Heaney's testimony about defendant's CPL. Again, we disagree.

The United States and Michigan Constitutions guarantee that in all criminal prosecutions the accused shall have the right to effective assistance of counsel. *People v Kammeraad*, 307 Mich App 98, 122; 858 NW2d 490 (2014). Arguments based on ineffective assistance of counsel present "a mixed question of fact and constitutional law." *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007) (quotation marks and citation omitted). "Findings on questions of fact are reviewed for clear error, while rulings on questions of constitutional law are reviewed de novo." *Id*. When a defendant in a criminal prosecution does "not move in the trial court for a new trial or an evidentiary hearing, this Court's review is limited to mistakes apparent from the record." *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012).

To prove that his or her trial attorney was ineffective, "a defendant must show that (1) the lawyer's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) there is a reasonable probability that, but for the lawyer's deficient

---

[2] Although defendant cites MRE 403, we decline to address this issue because defendant has not provided this Court with any analysis as to why Detective Heaney's testimony regarding her CPL license was unfairly prejudicial. See *Mitcham v City of Detroit*, 335 Mich 182, 203; 94 NW2d 388 (1959) ("It is not enough for an appellant in [her] brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for [her] claims, or unravel and elaborate for [her] [her] arguments, and then search for authority either to sustain or reject [her] position.").

performance, the result of the proceedings would have been different." *People v Anderson*, 322 Mich App 622, 628; 912 NW2d 607 (2018). " 'A reasonable probability is a probability sufficient to undermine confidence in the outcome.' " *Id.*, quoting *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). This Court presumes effective assistance of counsel; the criminal defendant "bears a heavy burden of proving otherwise." *People v Schrauben*, 314 Mich App 181, 190; 886 NW2d 173 (2016).

Regarding trial strategy, "[d]efense counsel must be afforded 'broad discretion' " because of the necessity to take calculated risks to win a case. *People v Pickens*, 446 Mich 298, 325; 521 NW2d 797 (1994) (citation omitted). "A defendant must meet a heavy burden to overcome the presumption that counsel employed effective trial strategy." *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). "We will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence." *Id.* (Quotation marks and citation omitted). However, "a court cannot insulate the review of counsel's performance by calling it trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Our Supreme Court has recognized that "[t]he Sixth Amendment does not require that counsel do what is impossible or unethical. If there is no bona fide defense to the charge, counsel cannot create one and may disserve the interests of his client by attempting a useless charade." *People v Mitchell*, 454 Mich 145, 164; 560 NW2d 600 (1997) (quotation marks and citation omitted).

Here, defendant failed to raise her ineffective assistance of counsel claim in a motion for a new trial or, in the alternative, a request for a *Ginther*[3] hearing. As a result, our review is limited to mistakes apparent on the record. *Heft*, 299 Mich App at 80.

Furthermore, because the trial court did not err in admitting Detective Heaney's testimony regarding defendant's CPL, defense counsel was not obligated to object to the admission of this testimony because such an objection would have been futile. See *id.* In fact, defense counsel used the admission of defendant's CPL to challenge Ector's recollection of the incident. Defense counsel also stated that because defendant had a CPL, she was less likely to risk losing this license by committing felonious assault. Because defense counsel's failure to object to testimony regarding defendant's CPL allowed the court to consider these arguments, defendant has failed to overcome the strong presumption that defense "counsel's action constituted sound trial strategy under the circumstances." *People v Toma*, 462 Mich 281, 302; 613 NW2d 694 (2000). Consequently, defendant counsel's failure to object was not objectively unreasonable.

Moreover, even if defense counsel's failure to object to Detective Heaney's testimony regarding defendant's CPL was in error, there was not a reasonable probability that "but for counsel's error, the result of the proceedings would have been different." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016). While Detective Heaney's testimony supported the prosecution's theory that defendant possessed a gun at the time of the assault, the trial court stated that its decision came down to "whether . . . the [c]ourt found Ms. Ector to be credible." The trial court then noted that it found Ector, who testified that defendant pulled a gun on her and threatened her, to be credible. In addition, the trial court did mention that Detective Heaney's testimony

---

[3] *People v Ginther*, 390 Mich 436, 442-444; 212 NW2d 922 (1973).

regarding defendant's CPL established that "[d]efendant at least had access to a weapon." Based on this, there is no basis for concluding that there is a reasonable probability of a different outcome if defense counsel had objected to Detective Heaney's testimony.

Affirmed.

/s/ Michael F. Gadola
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly