*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
January 19, 2023

Plaintiff-Appellant,

v

No. 360535
Wayne Circuit Court
LC No. 19-000348-01-FC

ANDRE DWAIN TAYLOR,

Defendant-Appellee.

Before: Hood, P.J., and Cameron and Garrett, JJ.

Per Curiam.

The prosecution appeals as by leave granted[1] the trial court's order granting defendant's motion for new trial. Defendant was convicted by a jury of three counts of third-degree criminal sexual conduct (CSC-III), MCL 750.520d(1)(b), and one count of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1). The trial court vacated defendant's convictions and sentences. It granted defendant's motion for new trial because defendant's trial counsel was ineffective. We reverse and remand.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises from a November 2017 sexual encounter involving defendant and the victim. At that time, the victim worked at a bar in Detroit, Michigan, where defendant was a patron. Defendant offered the victim a ride home after her shift ended, which the victim accepted. They stopped at a convenience store and defendant purchased condoms and other items. The pair went on to the victim's apartment, where they had sexual intercourse. After the victim asserted that defendant had sexually assaulted her in the apartment, defendant was arrested and charged.

During defendant's jury trial, the trial court questioned defendant at length whether he intended to testify on his own behalf. Defendant asserted he would not testify at trial and would

---

[1] *People v Taylor*, unpublished order of the Court of Appeals, entered May 16, 2022 (Docket No. 360535).

-1-

instead rely on his right to remain silent. In response, the trial court explained to defense counsel that it would not be able to instruct the jury on the defense of consent because, absent defendant's testimony, there was no evidence in the record suggesting the victim consented to the sexual intercourse. Defendant was convicted as noted.

Defendant later moved for a *Ginther*[2] hearing, arguing he was entitled to a new trial because defense counsel was ineffective. According to defendant, defense counsel deprived him of a defense by failing to inform him that the jury would not be instructed on consent because defendant did not testify that the victim consented. The trial court agreed, finding defense counsel deprived defendant of his right to counsel by failing to communicate that without his testimony, the jury would not be instructed on consent. The trial court entered an order granting defendant's motion for new trial. This appeal followed.

## II. STANDARD OF REVIEW

"A trial court's decision on a motion for new trial is reviewed for an abuse of discretion, which occurs when the trial court renders a decision falling outside the range of principled decisions." *People v Dimambro*, 318 Mich App 204, 212; 897 NW2d 233 (2016) (quotation marks and citation omitted). "A trial court necessarily abuses its discretion when it makes an error of law." *People v Waterstone*, 296 Mich App 121, 132; 818 NW2d 432 (2012). "Whether a person has been denied effective assistance of counsel is a mixed question of fact and constitutional law." *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Findings of fact are reviewed for clear error, while rulings on questions of constitutional law are reviewed de novo. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). "Clear error exists if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *People v Armstrong*, 490 Mich 281, 289; 806 NW2d 676 (2011).

## III. LAW AND ANALYSIS

The prosecution argues the trial court erred in granting defendant's motion for new trial because defense counsel was not ineffective. We agree.

Criminal defendants have the right to effective assistance of counsel in a criminal proceeding. US Const, Am VI; Const 1963, art 1, § 20. Courts are "highly deferential" to trial counsel's performance. *Strickland v Washington*, 466 US 668, 689; 104 S Ct 2052; 80 L Ed 2d 674 (1984). To succeed in a claim for ineffective assistance of counsel, a defendant must show "(1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016) (citations omitted). "The defendant has the burden of establishing the factual predicate of his ineffective assistance claim." *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014).

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Appellate courts need not review the two prongs of the ineffective-assistance-of-counsel test in order. *Strickland*, 466 US at 697. As such, we first consider whether defendant demonstrated prejudice such that he was entitled to a new trial. It is insufficient to merely claim that the result would have been different. See *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001). "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 US at 695. Defendant's argument regarding prejudice was limited to half a sentence in his supplemental brief entered after the *Ginther* hearing: "[C]ounsel's deficient performance prejudiced the defense[.]" As noted, the burden was on defendant to establish the factual predicate of an ineffective-assistance of counsel claim. *Douglas*, 496 Mich at 592. While defendant offered extensive explanation alleging that counsel's performance was unreasonable, he made no substantive argument that he was prejudiced by counsel's performance. The trial court granted defendant's motion for a new trial, in part, because defendant was presumptively prejudiced by counsel's performance. However, defendant did not make this showing and it was an error for the trial court to grant defendant's motion for a new trial on this basis. Because defendant failed to demonstrate prejudice, we need not consider the other prong of the ineffective-assistance-of-counsel test, whether counsel's performance fell below an objective standard of reasonableness.

Reversed and remanded for an order consistent with this analysis. We do not retain jurisdiction.

/s/ Noah P. Hood
/s/ Thomas C. Cameron
/s/ Kristina Robinson Garrett