*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

CECIL RAYMOND-JERRY MCKINNEY,

        Defendant-Appellant.

UNPUBLISHED
December 21, 2023

No. 361430
Missaukee Circuit Court
LC No. 2021-003234-FH

Before: RIORDAN, P.J., and MURRAY and M. J. KELLY, JJ.

PER CURIAM.

A jury found defendant guilty of possession of methamphetamine, MCL 333.7403(2)(b)(*i*), second or subsequent offense, MCL 333.7413(1). The trial court sentenced defendant to serve 3 to 20 years in prison. Defendant appeals by right. We affirm.

## I. BACKGROUND

On July 23, 2021, Missaukee County Sheriff's Deputy Nathan Edwards was on patrol in Lake Township and noticed a vehicle turn onto a different road without using a turn signal. Deputy Edwards followed the vehicle and ran its license plate through his dispatch system, which alerted him that the vehicle was not insured. Deputy Edwards initiated a traffic stop, approached the vehicle, and recognized defendant,[1] who was in the passenger seat, and knew that defendant had an active warrant for a probation violation. Accordingly, Deputy Edwards instructed defendant to leave the vehicle and conducted an initial *Terry*[2] frisk of defendant for weapons or large items. During this first search, Deputy Edwards went through defendant's pockets but did not find any weapons or dangerous items. After he detained defendant, Deputy Edwards conducted a second, more thorough search of defendant. Deputy Edwards found a protruding plastic bag in defendant's right front pocket. This bag contained a white crystalline substance that subsequently tested

---

[1] Deputy Edwards knew defendant from prior investigations he participated in when employed by the Wexford County Sheriff's office.

[2] *Terry v Ohio*, 392 US 1; 88 S Ct 1868; 20 L Ed 2d 889 (1968).

positive for methamphetamine. Defendant denied having methamphetamine on his person, and testified that he did not know where the bag came from, or what the bag contained.

Inside defendant's backpack Deputy Edwards found empty syringes with capped needles along with a spoon with an unknown substance on it. Deputy Edwards disposed of the needles and collected the spoon for testing; however, the spoon was never tested. Defendant warned Deputy Edwards that there were needles in the backpack that belonged to him. However, defendant testified that he did not know how the spoon got into the backpack.

During the preliminary examination, defendant's prior counsel questioned Deputy Edwards about his prior interactions with defendant:

> *Q.* [S]o did you know that Mr. McKinney had that warrant before you approached the truck?
>
> *A.* I knew that he had the warrant before I approached the truck. I didn't know that he was occupying that specific vehicle until I got up right next to the vehicle itself and made contact with the driver.
>
> *Q.* Okay. Okay. And . . . you indicated that you do have some familiarity with Mr. McKinney in the past, is that true?
>
> *A.* That's correct, sir.
>
> *Q.* And is it also true . . . that one case you had with him was overturned due to a fail [sic] to Mirandize[3] issue?
>
> *A.* There was a Mirandize issue. The way it was delivered was deemed to be improper. I believe the case is still under appeal; I don't know if it was overturned at this point; but his statements made during that investigation were stricken I believe. He was found to have meth in his pocket at that time subsequent to an arrest for a felony warrant out of Cadillac City PD; that was in the City of Cadillac.

At trial, defendant's new trial counsel did not question Deputy Edwards about his prior interactions with defendant or the potentially overturned prior prosecution.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant asserts that his trial counsel was ineffective for failing to cross-examine Deputy Edwards about his prior interactions with defendant to show evidence of bias.

Defendant preserved this issue "for appellate review by filing in this Court a motion for remand to the trial court for a" hearing pursuant to *People v Ginther*, 390 Mich 436, 445; 212

---

[3] See *Miranda v Arizona*, 384 US 436; 86 S Ct 1602; 16 L Ed 2d 694 (1966).

NW2d 922 (1973). *People v Abcumby-Blair*, 335 Mich App 210, 227; 966 NW2d 437 (2020). However, we denied the motion,[4] and review is limited to errors apparent on the record. *Id*. Whether a defendant received ineffective assistance of counsel is a mixed question of constitutional law and fact. *Id*. Factual findings are reviewed for clear error, and constitutional determinations are reviewed de novo. *Id*. Clear error exists if the reviewing court "is left with a definite and firm conviction that the trial court made a mistake." *Id.* at 227-228 (quotation marks and citation omitted).

Criminal defendants are entitled to the assistance of counsel under both the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. Embedded in the right to assistance of counsel is the right to receive effective assistance of counsel. *Strickland v Washington*, 466 US 668, 685-686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). There is a strong presumption that trial counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment," *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012) (quotation marks omitted), quoting *Strickland*, 466 US at 690, and a defendant has a "heavy burden" to show otherwise, *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009) (quotation marks and citation omitted). To establish ineffective assistance of counsel, "defendant must show (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *Abcumby-Blair,* 335 Mich App at 228. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. (quotation marks and citations omitted).

"The inquiry into whether counsel's performance was reasonable is an objective one and requires the reviewing court to 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.' " *Vaughn*, 491 Mich at 670, quoting *Strickland*, 466 US at 690. Additionally, when determining whether counsel's performance was reasonable, "a defendant must overcome the strong presumption that counsel's challenged actions were sound trial strategy." *Abcumby-Blair*, 335 Mich App at 236-237 (quotation marks and citation omitted). "Decisions regarding what evidence to present, whether to call witnesses, and how to question witnesses are presumed to be matters of trial strategy," and this Court does not "second-guess counsel on matters of trial strategy" or "assess counsel's competence with the benefit of hindsight." *People v Horn*, 279 Mich App 31, 39; 755 NW2d 212 (2008).

Defendant has failed to defeat the presumption that his trial counsel's decision was sound trial strategy. Defendant argues that his trial counsel was ineffective for failing to cross-examine Deputy Edwards about his prior interactions with defendant because, if trial counsel had inquired into their history, the officer's bias would have been revealed, thereby impeaching his credibility. Defendant suggests that Deputy Edwards targeted him and stopped the car in order to plant methamphetamine on defendant in retaliation for the dismissal of defendant's previous case. Because most of the evidence at trial centered on whether the jury believed Deputy Edwards over

---

[4] *People v McKinney*, unpublished order of the Court of Appeals, entered March 10, 2023 (Docket No. 361430).

defendant, defendant contends that information about potential bias was integral and that failure to introduce it was unreasonable trial strategy.

However, defendant fails to appreciate the potential strategic reason for his trial counsel's decision not to reveal these prior interactions to the jury. During the preliminary examination, Deputy Edwards testified that, in the dismissed case, defendant had possessed methamphetamine. In the present case, defendant was also charged with possession of methamphetamine. It would be objectively reasonable for defendant's trial counsel to purposefully avoid this line of questioning in order to prevent the jury from hearing about defendant's previous possession of methamphetamine in a case involving the same charge. Trial counsel may have also desired to avoid revealing to the jury that defendant had a prior criminal history. While this evidence may have been somewhat relevant for impeachment purposes, defendant's trial counsel could have reasonably concluded that the risk of harm outweighed the probative value of this line of questioning. The way in which defendant's trial counsel chose to cross-examine Deputy Edwards was a matter of trial strategy, and defendant has failed to overcome the strong presumption that this decision was sound. Accordingly, defendant has failed to show that his trial counsel's actions fell below an objective standard of reasonableness.

Even if we were to conclude that trial counsel's actions were objectively unreasonable, defendant has failed to show that counsel's actions gave rise to the reasonable probability of a different outcome. Defendant summarily argues without substantive analysis that it is highly unlikely that the jury would have convicted him absent trial counsel's errors. This summary analysis is insufficient "to undermine confidence in the outcome." *Strickland*, 466 US at 694.

Affirmed.

/s/ Michael J. Riordan
/s/ Christopher M. Murray
/s/ Michael J. Kelly