*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ERIC GORDON ROHMAN,

        Defendant-Appellant.

UNPUBLISHED
January 17, 2025
10:20 AM

No. 367825
Isabella Circuit Court
LC No. 2022-001517-FH

Before: GADOLA, P.J., and RICK and MARIANI, JJ.

PER CURIAM.

A jury convicted defendant, Eric Gordon Rohman, of two counts of using a computer or the internet to communicate with another to commit or to attempt to commit a crime, MCL 750.145d(2)(d) and (f);[1] and one count of accosting a child for immoral purposes, MCL 750.145a. Defendant appeals by right, arguing that his trial counsel was ineffective for failing to investigate potential witness tampering. We affirm.

This case arises from a human-trafficking sting operation conducted by the Federal Bureau of Indian Affairs (BIA) in Mount Pleasant, Michigan in 2022. BIA Special Agent Killian Frisch testified at trial that the operation targeted "online predators" who engaged in sexual talk with people under the age of 16. Saginaw Chippewa Tribal Police Department (SCTPD) Officer Andrew Rabbage testified at trial that he acted as the "chatter" for the operation, and that, as part of the operation, he created a profile on an online dating application (the app) indicating that he was 18 years old. Defendant first chatted with Officer Rabbage through the app on May 19, 2022,

---

[1] Defendant was convicted of one count of using a computer or the internet to communicate with another to attempt to commit third-degree criminal sexual conduct, MCL 750.145d(2)(f), and one count of using a computer or the internet to communicate with another for the purpose of attempting to commit or committing the accosting of a minor for immoral purposes, MCL 750.145d(2)(d).

and again on July 14, 2022. Officer Rabbage testified that during both conversations, he told defendant that his parents were gone.

The July 14, 2022 conversation between Officer Rabbage and defendant eventually moved from the app to text message, at which point Officer Rabbage told defendant that his name was Liam and that he was 15 years old. When Officer Rabbage said that he hoped that was okay, defendant replied, "I mean so long [as] this isn't some undercover sting operation to bust sex offenders." Officer Rabbage testified that he invited defendant to come over, and that defendant continued to text with him, saying, among other things, that he was "a big fan of getting naked and seeing what pops up" and that "touching and exploring will be good and safe." Eventually, Officer Rabbage gave defendant the address to the sting operation house. Defendant was arrested a short time later when he arrived at the house.

SCTPD Sergeant Neil Schiefer testified that, shortly after his arrest, defendant agreed to participate in a video-recorded interview and wrote an "apology letter" in which defendant stated that his "true intentions [were] to come assess the situation and leave if the individual was really underage." Defendant testified at trial that he thought Officer Rabbage was joking about being underage, that he did not plan to engage in sexual activity with a 15-year-old, and that he had planned to leave if the person he was communicating with was, in fact, a 15-year-old. The video-recorded interview, apology letter, and the conversations between Officer Rabbage and defendant, both over the app and over text message, were admitted as exhibits at trial. Ultimately, the jury convicted defendant of the three charged offenses. This appeal followed.

The focus of defendant's appeal is on a statement made by the trial court at the beginning of the second day of trial. Outside of the presence of the jury, the trial court stated the following:

> I just want to bring up one thing and I don't know that if the people that are even involved are in the courtroom, but I'm going to make a statement. It's been brought to my attention that some of the public that's able to be here in court have passed a note to a police officer that could be a witness in this matter. Well in of [sic] itself, I don't think it's inappropriate.

> Nothing's been—neither counsel have even—they brought it to my attention, agreed—I don't think there was anything improper about it but I want to make sure . . . that anybody that is witnessing the trial, which they have the right— the public, to watch, do not interject themselves into the trial. I don't want any appearance of impropriety.

The trial court instructed audience members not to approach anyone involved in the case, and the trial proceeded without objection from either party.

On appeal, defendant argues that his trial counsel failed to adequately investigate this incident of potential witness tampering. According to defendant, this violated his constitutional right to effective assistance of counsel and his convictions should be reversed as a result. We disagree.

Generally, "whether defense counsel performed ineffectively is a mixed question of law and fact; this Court reviews for clear error the trial court's findings of fact and reviews de novo

questions of constitutional law." *People v Trakhtenberg*, 493 Mich 38, 47; 826 NW2d 136 (2012). "To preserve the issue of whether counsel rendered ineffective assistance, the defendant must move for a new trial or evidentiary hearing in the trial court or move for remand on appeal." *In re LT*, 342 Mich App 126, 133; 992 NW2d 903 (2022). Defendant preserved this issue for appellate review by moving this Court to remand for a *Ginther*[2] hearing.[3]

"The effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Muniz*, 343 Mich App 437, 448; 997 NW2d 325 (2022) (cleaned up). To justify reversal under either the federal or state constitution,[4] a defendant must show "(1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms and (2) that there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different." *People v Shaw*, 315 Mich App 668, 672; 892 NW2d 15 (2016). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim of ineffective assistance of counsel. *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

The premise of defendant's ineffective-assistance claim is that counsel performed deficiently by failing to investigate the note mentioned by the trial court because the note could have evinced witness tampering. Defendant, however, has pointed to nothing in the record, and has offered nothing beyond it such as an affidavit or offer of proof, to substantiate his speculation that there was something more that counsel should have done as to this issue. Defendant has offered no support for his assertion that counsel failed to investigate the note, and the record indicates that counsel was already aware of the note at the time the trial court mentioned it on the record. The trial court, for its part, observed on the record that nothing inappropriate or improper occurred with respect to the note, and defendant has offered nothing of substance to cast doubt on that conclusion. Nor does he point to any trial testimony or any other aspect of the record that suggests that his trial was at all tainted by witness tampering. Defendant has wholly failed to

---

[2] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

[3] This Court previously denied without prejudice defendant's motion to remand, for failure to persuade the Court of the necessity of a remand. See *People v Rohman*, unpublished order of the Court of Appeals, entered May 16, 2024 (Docket No. 367825). We decline defendant's invitation to revisit that decision because, as with his claim on appeal in general, his motion to remand is inadequately substantiated; namely, defendant failed to support his motion with any affidavits or other offers of proof as required. See MCR 7.211(C)(1) (explaining that a motion to remand "must be supported by affidavit or offer of proof regarding the facts to be established at a hearing").

[4] US Const, Am VI provides that the accused in a criminal prosecution "shall enjoy the right . . . to have the Assistance of Counsel for his defence." Likewise, Const 1963, art 1, § 20 provides that the accused in a criminal prosecution "shall have the right . . . to have the assistance of counsel for his or her defense."

establish the factual predicate of his claim of deficient performance, *Carbin*, 463 Mich at 600, and we see no basis in the record before us to conclude that "counsel's performance fell below an objective standard of reasonableness," *Shaw*, 315 Mich App at 672.[5]

Defendant has likewise failed to meet his burden of showing prejudice from counsel's allegedly deficient performance. See *id*. Defendant merely offers a conclusory statement that he was prejudiced by counsel's failure to investigate. At no point does he explain how, given the lack of evidence of impropriety as to the note as well as the substantial evidence of his guilt presented at trial, "there is a reasonable probability that, but for counsel's [claimed failure to investigate], the result of the proceedings would have been different." *Id*. See also *In re Contempt of Henry*, 282 Mich App 656, 670; 765 NW2d 44 (2009) ("It is not sufficient for a party simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position.") (quotation marks and citation omitted). Accordingly, defendant failed to meet the heavy burden necessary to overcome the presumption that counsel's assistance was effective. *Muniz*, 343 Mich App at 448.

Affirmed.

/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Philip P. Mariani

---

[5] On appeal, defendant also suggests in passing that counsel should have requested that the trial court question the jury as to whether they were contacted by a member of the public. We note that the trial court did, in fact, ask the jury whether any members of the public had contacted or attempted to contact them and, at multiple points throughout the trial, the court instructed the jury not to speak with others about the case or let members of the public talk to them. We find no support for defendant's suggestion that anything improper occurred at trial with respect to the jury.